## MAYTAG ATLANTIC CO., Inc. v. HAMILTON MFG. CO.
### Civ. A. No. 10338.

United States District Court
E. D. New York.
June 13, 1950.

Moses Block, New York City, for plaintiff (Hyman Frank, New York City, of counsel).

Mitchell, Capron, Marsh, Angulo & Cooney, New York City, for defendant (Earle J. Starkey, New York City, of counsel).

BYERS, District Judge.

These are cross motions for summary judgment under Federal Rules of Civil Procedure, Rule 56, 28 U.S.C.A. The defendant's being addressed to the First, Third and Fourth causes as pleaded. The plaintiff's is in effect for judgment as to the Second cause of action pleaded in the complaint.

The plaintiff's claim is based upon its status as a "franchised distributor" of defendant's products at the time it submitted a written order for 5 carloads thereof on November 29, 1948, and the defendant under date of December 27th refused acceptance, and stated that termination of the franchise would be effective four days later, whereby plaintiff asserts damages based upon loss of profits from orders secured and to be secured for resale of the subject-matter; and for a continuance of the contract status. The First cause is for the defendant's alleged failure to meet its contract obligations to allow certain credits for the return of advertising matter, or of parts. That obligation would arise apparently upon the severance of the relationship between the parties.

The Second cause is not attacked by defendant's motion, and involves plaintiff's apparent right to receive back certain contributions to a "market development" fund.

The controversy involves in all causes the question of the extent to which the relationship created by the agreement of June 13, 1945, expiring July 1, 1946, was kept alive or extended during the successive terms of one year each; the plaintiff alleges and the defendant admits such a renewal or extension to July 1, 1947. As to the succeeding year, there is a clear issue of fact which must be decided according to the evidence, for it is with reference to events dating from October 8, 1948, that the rights and duties of the parties must be determined.

The contract was terminable on 30 days' notice, but that notice apparently was never given by either.

As at October 8, 1948, the franchise expiring June 30, 1948, apparently had been extended by tacit consent for an additional year, i. e., from July 1, 1948, to June 30, 1949, but the defendant says that all licenses had acquired an expiration date of December 31st, but the process is not clear.

It was subject, however, to cancellation under Paragraph 15 on 30 days' notice; therefore, on October 8, 1948, Hamilton could have called off the contract, effective November 8, 1948—if there was an existing contract.

It did not do this, but modified the franchise by reducing the plaintiff's territory. It does not appear that the latter protested or declined to accept the restricted basis, so the parties then continued as before, except as to the revised territory, the franchise apparently to expire December 31, 1948.

On November 29, 1948, plaintiff sent by air mail an order for 5 carloads of defendant's products to be shipped on various dates through March, 1949. That should have been received on November 30, which fell on a Wednesday. Apparently no acknowledgment was sent, and the papers disclose no communication between the parties until defendant's letter of December 27th which contains: (a) notice of termination of any written or implied contracts, i. e., Distributor's Franchise, effective 4 days later.

(b) A recital which contradicts the letter of October 8, 1948, to the extent that the former says: " * * * You have not had an agreement with us since July 1, 1947, and no new agreement has since been entered into with you by the Company."

(c) A reference to the "Market Development Fund" referred to in the 1948 contract, and the plaintiff's right to receive a distribution therefrom.

This seems to point to the plaintiff's having contributed to that fund under a non-existing contract, if it is possible to follow the somewhat ambidextrous mental processes employed by the author of that missive.

To ask the Court to decide merely on this set of papers what the contractual relationship between the parties was during December of 1948 is to impose a task not contemplated by Rule 56.

If the October 8, 1948, version be accepted as defining the status of the plaintiff (that was the third letter written by defendant in as many days), then until December 31, 1948, it continued as a Franchise Distributor because no thirty days' cancellation had been evoked by defendant. The retention of the order of November 28th for nearly four weeks without comment, was just as consistent with acceptance as the reverse; if anything transpired to the contrary, it would be a matter of evidence.

That the mutual relationship had been the subject of conversations appears from the letter written by defendant (plaintiff's Ex. 2) on October 6, 1948.

Reference is made to a territorial change effective November 8th. That would have been consistent with the existence at that time of such a renewal contract (as is alleged in paragraph Sixth of the complaint, and denied argumentatively in paragraph 6 of the answer), since otherwise the 30-day effective period need not have been stated.

The issues concerning the contractual status of the parties are not now ripe for decision; each cause as pleaded turns upon that essential element. The first, as has been said, concerns the right to receive something by way of return for either advertising material, or machine parts, or both. It is impossible to dispose of this question summarily, apart from the contract rights of the parties.

The second has to do with the plaintiff's right to receive back its contributions to the Market Development Fund. It is to that cause the plaintiff's motion is addressed, but until the basic relationship between the parties is demonstrated, and it can be shown why the check of January 20, 1949, was issued; and whether payment was stopped because of the plaintiff's erasure of the special indorsement or otherwise, this cause cannot be determined.

The third and fourth causes are based upon the failure of the defendant to make delivery of the order of November 28, 1948. Whether a claim for relief exists will depend upon the evidence, some requirements of which have been indicated above.

Both motions for summary judgment, and plaintiff's motion to strike the answer, are denied.

Settle order.