**Raymond BACICAN, Plaintiff**

v.

**AMERICAN MUTUAL LIABILITY IN-SURANCE COMPANY, Defendant.**

**Civ. A. No. 29967.**

United States District Court
E. D. Pennsylvania.

Dec. 12, 1961.

Harry Lore, of Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for plaintiff.

William T. Campbell, Jr., of Swartz, Campbell & Henry, Philadelphia, Pa., for defendant.

WELSH, Senior Judge.

On September 19, 1960, plaintiff was in the employ of J. E. Snyder, Inc., a sheet metal company in Philadelphia, Pennsylvania. While plaintiff was engaged in the performance of his duties on his employer's premises, the abdominal portion of his body became caught in the unguarded rolls of a plate bending machine, causing him to sustain serious, permanent and disfiguring injuries.

Defendant, American Mutual Liability Insurance Company, was the workmen's compensation insurance carrier for plaintiff's employer and had issued to plaintiff's employer the policy of compensation insurance. Defendant has paid to the plaintiff the scheduled compensation to which plaintiff was entitled as a result of his disabling injuries secured in the course of his employment.

The policy of workmen's compensation insurance which defendant issued to plaintiff's employer provides (under the general heading of "Conditions") as follows:

"4—Inspection and Audit

"The company and any rating authority having jurisdiction by law shall each be permitted to inspect the workplaces, machinery and equipment covered by this policy and to examine and audit the insured's books * * *, as far as they relate to the premium bases or the subject matter of this insurance."

In his complaint, plaintiff alleges that pursuant to the policy in question, or more particularly the above-quoted Condition thereof, it was the duty of the defendant to inspect the workplaces, machinery and equipment used by plaintiff's employer and to advise, counsel and recommend to plaintiff's employer the existence of all unsafe, hazardous, dangerous and negligent conditions obtaining at and about the said workplaces, machinery and equipment used by plaintiff's employer. And, plaintiff alleges further that the aforementioned accident and consequent injuries to plaintiff were due to the negligence of the defendant in the discharge of or failure to discharge its duties as aforesaid.

In its answer and amended answer, defendant raises six defenses. The matter before the Court at this time is plaintiff's motion under Federal Civil Rule 12(f), 12 U.S.C., to strike defendant's Fourth, Fifth and Sixth Defenses.

Volume 2 of Moore's Federal Practice, page 2320, states that a motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.

It is clear from a review of the annotations to Rule 12(f) that Courts are generally reluctant to grant motions to strike defenses. An example of this judicial viewpoint is found in Smith v.

Piper Aircraft Corporation, D.C., 18 F. R.D. 169, 177, in which Chief Judge Murphy states:

> "A motion to strike was never intended to furnish an opportunity for the determination of disputed and substantial questions of law, * * * and is not granted if insufficiency of the defense is not clearly apparent or may better be determined in a hearing on the merits."

We will now apply this law to each of the three questioned defenses.

*Fourth Defense*—There Was No Privity of Contract between Plaintiff and Defendant:

■ Defendant's position is that it appears, at least to some extent, that plaintiff's complaint includes a contractual claim against the defendant, in which event privity of contract between plaintiff and defendant must be shown under the Pennsylvania Rules.

This position, we think, is not well taken because it is evident from even a cursory reading of the complaint that plaintiff's claim sounds in tort.

Plaintiff's motion to strike defendant's fourth Defense will accordingly be granted.

*Fifth Defense*—Defendant Owed Plaintiff No Duty:

■ In this connection, defendant's position, as stated in its brief, is as follows:

> "* * * A review of Condition 4 as to Inspection and Audit shows that the defendant and any rating authority having jurisdiction by law, simply have permission to inspect the workplaces, machinery, equipment, books and so forth as they relate to the premium basis or the subject matter of the insurance. This provision clearly has to do with

rate setting in an estimated premium policy.

> "Defendant submits that at time of trial, the Court must determine what, if any, duties the defendant had undertaken and to whom such duties were applicable."

Plaintiff, in urging that the Court strike this defense, contends that Condition 4 imposes on the defendant the duty to inspect, etc., and that under the law of Pennsylvania, Evans v. Otis Elevator Company, 403 Pa. 13, 168 A.2d 573, said duty not only extends to the employer but to its employee, the plaintiff.

We are of the opinion that this defense presents questions of fact which ought to be determined at the hearing on the merits.

We will accordingly deny plaintiff's motion to strike defendant's Fifth Defense.

*Sixth Defense*—As the Insurer of Plaintiff's Employer Defendant Has Been Paying Compensation to Plaintiff under the Provisions of the Workmen's Compensation Law and Plaintiff Has No Right to Maintain an Action for Damages against Defendant.

■ It is the contention of the defendant compensation carrier that plaintiff cannot maintain this common-law action against it as a "third party" within the meaning of § 319 of the Pennsylvania Workmen's Compensation Act of June 2, 1915, as amended, 77 P.S. § 671,[1] because under said Act the compensation carrier "stands in the shoes" of the employer and, since under a system of workmen's compensation the employer is not subject to such an action by plaintiff its compensation carrier is also not so subject.

On the other hand, plaintiff's contention is that defendant compensation carrier is a "third party" within the meaning of § 319 of the Act and this action against it can be maintained.

---

1. Said Section provides in part:
   "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe * * *."

No Pennsylvania case on the question of whether or not the compensation carrier is a "third party" within the meaning of the Act has been found by the plaintiff, the defendant or the Court.[2]

Defendant's Sixth Defense, therefore, raises a serious and substantial question of legislative intent which has not been passed on by the Pennsylvania Courts. It is our opinion that such a question should be determined at the hearing on the merits.

Plaintiff's motion to strike defendant's Sixth Defense will accordingly be denied.

---

2. The case of Smith v. American Employers' Insurance Company, 102 N.H. 530, 163 A.2d 564, 566, of course, is not controlling here since it was decided under the New Hampshire Statute. However, that case did hold that an action against the compensation carrier was maintainable under the New Hampshire Statute authorizing suit for damages against a "person other than the employer".