**Nanette ANGEL and Christine Kammerer Rook, Plaintiffs,**

v.

**Charles RAY, Defendant.**

No. 67-C-285.

United States District Court
E. D. Wisconsin.

June 7, 1968.

Ruttenberg & Ruttenberg, Chicago, Ill., for plaintiffs.

Kivett & Kasdorf, Milwaukee, Wis., for defendant.

## OPINION and ORDER

MYRON L. GORDON, District Judge.

This case is now before the court on plaintiffs' motion to strike the affirmative defenses of Ray. The two defenses are basically as follows: that the action is barred by virtue of the Tennessee statute of limitations which provides that action against a tortfeasor must be commenced within one year from the date of the occurrence; and that Tennessee law provides that contributory negligence upon the part of a person seeking recovery shall bar that person from recovery.

The action arises out of a Tennessee automobile accident between two Illinois plaintiffs, Nanette Angel and Christine Kammerer Rook, and a Wisconsin defendant, Charles Ray. The accident occurred on July 30, 1966. On July 18, 1967, the plaintiffs filed a complaint in the United States district court for the northern district of Illinois against the defendant's insurance company, Dairyland Insurance Company, a Wisconsin corporation. On July 21, 1967, Dairyland's agent in Milwaukee was served with an Illinois federal court summons and complaint.

On August 17, 1967, Dairyland moved to quash the service of the summons and to dismiss the action. One week later, the plaintiffs filed a motion for leave to amend their complaint and for transfer to the U. S. district court for the eastern district of Wisconsin. The amended complaint proposed to substitute as named defendant, Charles Ray, in addi-

tion to dismissing Dairyland from the action. The grounds for transfer, as stated in the motion, were the convenience of the parties and the interests of justice.

The present motion to strike is made pursuant to rule 12(f) of the Federal Rules of Civil Procedure, which states in part:

"* * * the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The plaintiffs contend that the affirmative defenses are insufficient since the action was instituted within one year from the date of the accident and then merely transferred to this court. They further contend that the substantive law of Wisconsin applies, and therefore the defense of contributory negligence is not applicable.

■■ One of the purposes of a motion to strike is to gain an early adjudication as to the legal sufficiency of defenses set forth in the answer of the defendant. United States v. Southerly Portion of Bodie Island, N. C., 114 F. Supp. 427 (E.D.N.C.1953). Such a motion should be denied if the defense set forth is sufficient as a matter of law, or if it fairly presents a question of law and fact that the court ought to hear. Talarowski v. Pennsylvania Railroad Company, 135 F.Supp. 503 (D.Del.1955).

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs concede that the Tennessee one year statute of limitations is applicable whether by virtue of Wisconsin law (Wis.Stat. § 893.205) or Illinois law (Ill.Rev.Stat. Ch. 83, § 21). The plaintiffs contend that the action was commenced within this period. Although the amended complaint substituting Charles Ray as the named defendant was filed after the one year period had expired, the plaintiffs argue that it relates back to the timely commencement against Dairyland Insurance Company.

In their reply brief in support of this motion, the plaintiffs forthrightly acknowledge that should this court find that the amended complaint against Ray does not relate back to the commencement of the original action against Dairyland, then this action "is clearly timed barred and should be dismissed". Rule 15(c) of the Federal Rules of Civil Procedure provides for relation back of amended pleadings. However, the plaintiffs attempt to show that the prerequisites of rule 15(c) have in fact been satisfied since the same event is the subject matter of both the original and the amended complaint.

■■ The court believes that the requirements of rule 15(c) have been satisfied by the plaintiffs. The issue of the statute of limitations in this case is one which can and should be resolved before trial. The basic facts concerning the statute of limitations are not in issue, and the legal consequences are properly determinable on this motion to strike the defense. Even if it can be said that the Illinois federal district court did not impliedly set the statute of limitations issue at rest in ordering that Mr. Ray be made a party, I believe it fair to apply the "relation back" doctrine upon these facts. The notice requirements of rule 15(c) have been satisfied because of the "identity of interests" between the insurance company and the insured. Under the terms of the insurance, Dairyland was obligated to protect the interests of the substituted defendant, Charles Ray. Dairyland had a standing to and should have raised any objections there may have been to allowing the amendment before the Illinois federal court granted same.

SECOND AFFIRMATIVE DEFENSE

As an affirmative defense, the defendant alleges that under the laws of Tennessee, contributory negligence bars recovery on the part of a person seeking damages for personal injuries.

The plaintiffs contend that it is readily apparent from the facts of this case that Wisconsin substantive law applies and therefore the defense of contributory negligence is insufficient. The defendant states that no such decision should be made upon a motion to strike.

■ Generally, the Wisconsin conflict of law rules are applicable in this court. Klaxon Co. v. Stentor Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, when an action is transferred from one jurisdiction to another, other factors are also to be considered in determining the applicable law. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). 28 U.S.C. § 1404 and § 1406 govern the transfer of an action from one district court to another. The order of the Illinois court does not specify under which of these sections the transfer was made. The court concludes that the conflicts question should be determined by the law of Wisconsin.

Contributory negligence as set forth in the answer would be proper whether Wisconsin or Tennessee law applies. If Wisconsin law applies, such negligence would relate to comparative fault; if Tennessee law applies, any negligence would wholly exclude recovery.

■ It is appropriate that the court determine the conflicts question upon this motion to strike. The underlying facts supporting the choice of law are now before the court. Upon all the circumstances, I conclude that Wisconsin law applies. Conklin v. Horner, 38 Wis. 2d 468, 157 N.W.2d 579 (1968); Zelinger v. State Sand & Gravel Co., 38 Wis. 2d 98, 156 N.W.2d 466 (1968); Heath v. Zellmer, 35 Wis.2d 578, 151 N.W.2d 664 (1967); Wilcox v. Wilcox, 26 Wis. 2d 617, 133 N.W.2d 408 (1965).

■ As noted earlier, Wisconsin law permits proof of contributory negligence, so that the plaintiffs' motion to strike the defense cannot be granted. However, paragraph 2 of the "Second Affirmative Defense", relating to the Tennessee law, is to be ordered stricken.

## CONCLUSION

The motion to strike the first affirmative defense must be granted. For the reasons set forth above, such defense does not present a substantial question of law or fact. It falls under the purview of rule 12(f). It is deemed advantageous to resolve this issue before trial.

The motion to strike the second affirmative defense must be denied, but paragraph 2 of the second affirmative defense shall be stricken.

It is therefore ordered that the motion of the plaintiffs to strike the affirmative defenses of the defendant be and is hereby granted or denied as set forth in the opinion.