**Luz Maria GIRAUD, Plaintiff,**

v.

**TEAMSTERS, CHAUFFEURS, WARE-HOUSEMEN AND HELPERS, LOCAL 901, etc. and Americana of Puerto Rico, Inc., d.b.a. Hotel Americana, Defendants.**

No. 339–68.

United States District Court
D. Puerto Rico.

Feb. 5, 1969.

Nachman, Feldstein, Laffite & Smith, San Juan, P. R., for plaintiff.

Gonzalez, Jr., Gonzalez, Oliver & Novak, Santurce, P. R., for defendants.

Pagán, Pagán & Pagán, Puerto Nuevo, P. R., for Teamsters Union, etc.

ORDER

FERNANDEZ-BADILLO, District Judge.

Plaintiff has moved to strike certain affirmative defenses set forth in the an-

**6**

swers to the complaint filed by co-defendants Teamsters, Chauffeurs, Warehousemen and Helpers, Local 901 (hereinafter Teamsters) and Americana of Puerto Rico, Inc., d. b. a. Hotel Americana (hereinafter Americana). Americana has asserted as defense number one lack of jurisdiction of the subject matter since the complaint does not properly allege a cause of action under § 301 of the Labor Management Relations Act. Its defense number two states that the complaint fails to allege facts that will constitute a cause of action against it or the concession of the remedies requested. These same defenses have been raised as defenses one and three in the answer filed by Teamsters.

Said motion came to be heard on August 23, 1968 and argument was had from counsel for plaintiff and for defendant Americana. On said date the Court allowed the withdrawal of Mr. Domingo Pagán as counsel for Teamsters and allowed 15 days to retain new counsel. Although a ten day period was fixed for filing briefs the Court advised defendant Teamsters that they could argue this very issue at a September 13 hearing to be held in reconsideration of another matter. Teamsters has neither argued against the motion to strike nor filed an appearance for new counsel.

After considering the briefs filed by plaintiff and Americana, and otherwise duly advised in the premises the Court finds that the motion to strike should be denied.

■■ Defendants have asserted two defenses which cannot be waived and therefore even if not interposed in their answers they can still be raised at a later stage of the proceedings. Americana is correct is urging that "there would be no point whatsoever to striking the first defense [failure to state claim] attacked. Not only is the defense as stated specifically endorsed by the Rules of Civil Procedure but also the defendant could revitalize the defense later under Rule 12(h)(1)". Rosenblatt v. United Airlines, 21

F.R.D. 110 at page 111 (1957). This is also true of the defense of lack of subject matter jurisdiction which can be suggested at any time. Defendants have merely set forth affirmatively in their responsive pleadings that the jurisdictional question is in issue.

■ They are not seeking a dismissal of the complaint for want of jurisdiction or for failure to state a claim. Plaintiff is in no way prejudiced by the presence of such defenses in the pleadings. It is generally accepted that motions to strike are not granted freely and courts are cautious about disturbing the pleadings unless such action is clearly warranted, Rosenblatt v. United Airlines, supra, and where harm will be suffered by the adverse party. Tivoli Realty v. Paramount Pictures, D.C.Del.1948, 80 F.Supp. 800.

Plaintiff has made no showing that it will be prejudiced if the allegations are allowed to stand.

In view of the foregoing it is hereby ordered, adjudged and decreed that plaintiff's motion to strike be denied.