Charles Eugene **GILBERT**, etc.,
Plaintiffs,

v.

**ELI LILLY & CO.**, Inc. and Lord Electric Co. of Puerto Rico, Defendants and Third-Party Plaintiffs, ·

v.

**J. A. JONES CONSTRUCTION CO.**, etc., Third-Party Defendants.

Civ. No. 340–71.

United States District Court,
D. Puerto Rico.
Nov. 3, 1971.

Nachman & Feldstein, San Juan, P. R., for plaintiffs.

Amancio Arias Cestero, Charles A. Cordero, San Juan, P. R., for defendant and third-party plaintiffs.

C. A. Chavier Stevenson, San Juan, P. R., for third-party defendants.

## ORDER

TOLEDO, District Judge.

This cause originates from an alleged accident suffered at work by coplaintiff Michael Gilbert, a minor employee, insured by the State Insurance Fund of Puerto Rico.

Codefendant Eli Lilly & Company filed a motion to dismiss the complaint of coplaintiff Charles Eugene Gilbert, father of the injured, hereinafter called coplaintiff, based on a contention that said coplaintiff has no cause of action as his rights are barred by the statute of limitations enunciated in Section 5298 of Title 31, L.P.R.A.[1] The complaint in this case was filed on May 11, 1971, almost two years after the alleged accident date of July 15, 1969.

Article 1868 of the Civil Code of Puerto Rico, Title 31, L.P.R.A., Section 5298, states:

"The following prescribe in one year:

1. Actions to recover or retain possession.

2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in Section 5141 of this title, from the time the aggrieved person had knowledge thereof."

Under Section 32, as amended, of the Workmen's Compensation Law of the Commonwealth of Puerto Rico, Title 11, L.P.R.A., a workman or employee or his beneficiaries to compensation (in case of death), who has suffered an injury, a professional disease or death, caused under circumstances making a third party responsible for such injury, disease or death, may claim and recover damages from the third party responsible, within one year following the final decision of the case by the Manager of the State Insurance Fund. The stated Manager, nevertheless, may subrogate himself in the rights of the workman or employee or his beneficiaries to institute the same action against the third party responsible, in the name of the injured workman, employee or his beneficiaries, within the ninety (90) days following the final and enforceable decision of the case. If such a procedure is followed, any sum, which as a result of the action, or by virtue of medical or extrajudicial compromise, may be obtained in excess of the expenses incurred by the State Insurance Fund, shall be delivered to the injured workman or employee or to his beneficiaries. If the Manager of the State Insurance Fund fails to institute action against the third party responsible, the workman or employee or his beneficiaries shall be fully at liberty to institute said action on their behalf, without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case; but neither the injured workman or employee nor his beneficiaries may institute any action, nor may compromise any cause of action they may have against the third party responsible for the damages until after the expiration of ninety (90) days from the date of the final and enforceable decision of the case by the Manager of the State Insurance Fund.

From the above, we can see that the only issue before the Court is whether the provisions of the Workmen's Compensation Law of the Commonwealth of Puerto Rico, Title 11, L.P.R.A., Section 32, as amended, extends the statute of limitations of the Civil Code, Title 31, L.P.R.A., Section 5298, to persons who are neither dependents nor beneficiaries

[1] The same contention is raised by Lord Electric Co. of P. R., Inc., the other codefendant in this cause, in an opposition to a motion to strike affirmative defenses filed by the plaintiff in this action. This Court through this order disposes of this contention raised by the two codefendants.

(in case of death) of the injured worker.

Paragraph Nine of plaintiff's complaint sets forth that coplaintiff was individually damaged in the form of mental anguish, in witnessing his son's distress, in expenditures for medical care, etc., which damages, in Paragraph Thirteen of the complaint are claimed to be $25,000.00.

It is apparent from the complaint itself that coplaintiff is seeking the recovery of damages he claims he personally suffered as a result of the alleged injury received by his son Michael. This is an independent claim for damages suffered by the coplaintiff in spite of the fact that the origin of the damage flows from the injury of the son.

Coplaintiff argues that his complaint is not barred by the statute of limitations because his action is derivative and stems only from the action that he was able to bring because the State Insurance Fund had abandoned their claim. Coplaintiff further argues that he has no claim if his son has none, implying that if the claim of the son has not prescribed, then his claim has likewise not prescribed.

Under Article 1802 of the Civil Code of Puerto Rico, Title 31, L.P.R.A., Section 5141, a father has an independent, separate and distinct cause of action for damages he may suffer as a result of a tort causing injury or death committed against the son, and said action is neither dependent nor derivative of the son's claim. Hernandez v. Fournier, 1957, 80 D.P.R. 93, 80 P.R.R. 94; Correa v. Autoridad Fuentes Fluviales, 1961, 83 D.P.R. 144, 83 P.R.R. 139; Vda. de Valentin v. ELA, 1961, 84 D.P.R. 113, 84 P.R.R. 108; Cirino v. Autoridad Fuentes Fluviales, 1964, 91 D.P.R. 608, 91 P.R.R. 590.

The pertinent part of Title 31, L.P.R.A., Section 5141, reads as follows:

"A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. * * *"

It is clear from the above language of the law, that a person can recover his own moral and material damages, which damages are the result of an injury received by a close relative. In said situation, an independent cause of action has been recognized by the Supreme Court of Puerto Rico as well as by the Federal Court. See Commercial Union Insurance Co. v. Gonzalez, (1 Cir. 1966), 358 F.2d 480.

Codefendant Eli Lilly admits the complaint of the son is not affected by the statute of limitations because of the wording found in the Workmen's Compensation Statute, Title 11, L.P.R.A., Section 32, as amended. Eli Lilly does argue, and rightfully so, that there is nothing in the language of Title 11, L.P.R.A., Section 32, as amended, which extends the statute of limitations as pertains coplaintiff's independent cause of action for his own material and moral damages. It is tacitly conceded by coplaintiff's complaint, that he is neither an injured employee nor a beneficiary; therefore, coplaintiff neither had to wait for a decision by the State Insurance Fund to exercise his independent action against the alleged tort feasor, nor was he prevented from filing said action by the wording of Title 11, L.P.R.A., Section 32, as amended. See Cortés v. Comisión Industrial, 85 D.P.R. 241 (at page 246–247), 85 P.R.R. 237. Coplaintiff's independent claim for damages could have been presented at any time after the accident date.

The Supreme Court of Puerto Rico, in the case of Gallart Mendía v. González Marrero, 1967, 95 D.P.R. 201, 95 P.R.R. —, in interpreting Section 32 of Title 11, L.P.R.A., as amended, held that non dependents or beneficiaries are not barred from filing their suit within the period of one year after the occurrence of the accident and that the ninety (90) days waiting period of the statute is not applicable to them. Therefore, coplaintiff's independent cause of action which is founded under Title 31, L.P.R.A., Section 5141, as amended, must be timely filed within one year in accordance with

the statute of limitations of Title 31, L. P.R.A, Section 5298, or is otherwise subject to dismissal.

Since coplaintiff's complaint was filed almost two (2) years after the date of the accident, this Court hereby finds that his independent action was not timely filed, and his complaint must be dismissed as to both defendants.