Charles Eugene GILBERT, as father with patria potestas of his son Michael Gilbert, for the use and benefit of his son, and Charles Eugene Gilbert, individually, Plaintiffs,

v.

ELI LILLY & CO. INC. Codefendant, Cross-Plaintiff and Third-Party Plaintiff,

v.

LORD ELECTRIC CO. OF PUERTO RICO, Codefendant and Cross-Defendant,

v.

J. A. JONES CONSTRUCTION CO. et al., Third-Party Defendants.

Civ. No. 340–71.

United States District Court, D. Puerto Rico.

May 19, 1972.

---

Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiffs.

Charles A. Cordero, San Juan, P. R., for Eli Lilly & Co.

Amancio Arias Cestero, San Juan, P. R., for Lord Electric Co. of P. R.

C. A. Chavier Stevenson, Ernesto Maldonado Perez, San Juan, P. R., for third-party defendants.

## ORDER

TOLEDO, Chief Judge.

Plaintiffs have moved this Court, pursuant to the provisions of Rule 12(f) of the Federal Rules of Civil Procedure,[1] Title 28, United States Code to strike affirmative defenses numbers 5, 7, 8, 9 and 10 set forth in the answer to the complaint of codefendant Eli Lilly & Co., Inc. and affirmative defenses numbers 3, 4 and 6 set forth in the answer to the complaint of codefendant Lord Electric Company of Puerto Rico, Inc.[2] This Court, through an Order entered on November 4, 1971, 337 F.Supp. 50, disposed of the affirmative defense number 4 raised by codefendant Lord Electric Company of Puerto Rico, Inc.[3] Therefore, affirmative defense number 4 of codefendant Lord Electric Company of Puerto Rico, Inc. and plaintiffs' opposition to it, is not at issue and, as such, said affirmative defense is deemed withdrawn.

The case before us originates from an accident suffered at work by a minor employee, allegedly caused by the negligence of the codefendants. The action was initiated by the father of the minor for his use and benefit, and for himself

---

1. Rule 12(f) states in the pertinent part: "Upon motion made by a party * * * or upon the court's own initiative * * *, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

2. Although the plaintiffs did not state the applicable provision of the Federal Rules of Civil Procedure, which would permit this court to grant the requested relief, it is clear from the moving papers that plaintiffs' contentions fall within Rule 12(f).

3. Affirmative defense number 4 of codefendant Lord Electric Company of Puerto Rico, Inc., stated that the individual action of coplaintiff Charles Eugene Gilbert, father of the beneficial plaintiff, was barred by the statute of limitations contained in Title 31, Laws of Puerto Rico Annotated, Section 5298. The same contention was raised by Eli Lilly & Company, through a motion to dismiss the complaint as to said coplaintiff. The controversy was disposed of by our order entered on November 4, 1971. See Gilbert et al. v. Eli Lilly & Co., Inc. v. J. A. Jones Construction Co., 337 F.Supp. 50 (1971).

individually. By our Order of November 4, 1971, the individual action of the father of the beneficial plaintiff was dismissed for being barred by the statute of limitations. In view of this disposition, the affirmative defenses raised herein are to be entertained as raised against the remaining plaintiff.

Eli Lilly & Co., Inc., through its affirmative defense number 5, and Lord Electric Company of Puerto Rico, Inc., through its affirmative defense number 3, contend that they have immunity under the applicable provisions of the Puerto Rico Workmen's Accident Compensation Act, as amended, Title 11, Laws of Puerto Rico Annotated, inasmuch as both defendants are "statutory employers" of the beneficial plaintiff. Under affirmative defense number 7 of Eli Lilly & Co., Inc. and number 6 of Lord Electric Company of Puerto Rico, Inc., an attack is made upon the jurisdiction of this Court. In the affirmative defense number 8, codefendant Eli Lilly & Co., Inc., contends that the accident was caused by the negligence and/or carelessness of persons beyond the control of said defendant. Eli Lilly's ninth affirmative defense states that the damages claimed are exaggerated and speculative, and under affirmative defense number 10, said codefendant contends that it is entitled to a reduction in the payment of damages because of the negligence of beneficial plaintiff's employer.

Plaintiffs and codefendants have filed memoranda in support of their respective contentions. After considering the briefs filed by the parties and upon researching the matter on its own initiative, the Court finds itself in position to enter its opinion.

■ It has been generally recognized that a motion to strike under Rule 12(f) is the proper remedy to eliminate "redundant",[4] "immaterial",[5] "impertinent",[6] or "scandalous"[7] matter from the pleadings and is the principal procedure for objecting an "insufficient" affirmative defense.[8] However, it has been

4. It has been said that "redundant" matter consists of allegations that constitute a needless repetition of other averments or which are wholly foreign to the issue to be denied. Manhattan Fire and Marine Insurance Co. v. Nassau Estates II, et al. (D.C.N.J.1963), 217 F.Supp. 196; Garcia v. Hilton Hotels International, Inc. (D.C.Puerto Rico 1951), 97 F.Supp. 5; Burke v. Mesta Mach. Co. (D.C.Pa. 1946), 5 F.R.D. 134.

5. By "immaterial" matter it is generally meant that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fleischer v. A.A.P., Inc. (D.C.N.Y.1959), 180 F. Supp. 717; Goldlawr, Inc. v. Shubert (D.C.Pa.1958), 169 F.Supp. 677, 690; Burke v. Mesta Mach. Co., supra. It is also said that a statement of unnecessary particulars in connection with and descriptive of that which is material may be stricken as "immaterial" matter. Burke v. Mesta Mach. Co., supra; Automatic Radio Manufacturing Co. v. National Carbon Co. (D.C.Mass.1940) 35 F.Supp. 454.

6. "Impertinent" matter consists of any allegation not responsive nor relevant to the issues involved in the action and which could not be put in issue or be given in evidence between the parties. Burke v. Mesta Mach. Co., supra; Schenley Distillers Corp. v. Renken (D.C.S.C.1940), 34 F.Supp. 678; Harrison v. Perea, 168 U.S. 311, 318–319, 18 S.Ct. 129, 42 L.Ed. 478 (1897). It is generally said that there is considerable overlapping between the concepts of "impertinent" and "immaterial" matter. See Wright & Miller, Federal Practice and Procedure, Section 1382, page 825, 1969 ed., 2 A Moore's Federal Practice and Procedure, Section 12.21, p. 2420, 1968 ed.

7. A matter is deemed "scandalous" when it improperly casts a derogatory light on someone, usually a party to the action. Martin v. Hunt (D.C.Mass.1961), 28 F. R.D. 35; Burke v. Mesta Mach. Co., supra. For Professor Moore, scandalous matter consists of "any unnecessary allegation which reflects cruelly upon the moral character of an individual, or states anything in repulsive language which detracts from the dignity of the court". 2 A Moore's Federal Practice, Section 12.21, p. 2426, 1968 ed.

8. What constitutes an insufficient defense depends upon the nature of the claim for

constantly decided that motions of this nature are not favored and should not be granted, even in cases where the averments complained of are literally within the provisions of Rule 12(f) of the Federal Rules of Civil Procedure, in the absence of a demonstration that the allegations attacked have no possible relation to the controversy and may prejudice the other party. WOHL v. Blair & Co. (D.C.N.Y.1970), 50 F.R.D. 89; Giraud v. Teamsters, Chauffeurs, Warehousemen & Helpers, Local 901 (D.C. Puerto Rico 1969), 46 F.R.D. 5; Great Northern Paper Co. v. Babcock & Wilcox Co. (D.C.Ga.1968), 46 F.R.D. 67; Pessin v. Keeneland Association (D.C.Ky.1968), 45 F.R.D. 10; W. E. Booton, Ltd. v. Scott & Williams, Inc. (D.C.N.Y.1968), 45 F.R.D. 108; Securities & Exchange Commission v. Quing N. Wong (D.C. Puerto Rico 1966), 252 F.Supp. 608; Sun Insurance Co. of New York v. Diversified Engineers, Inc. (D.C.Mont. 1965), 240 F.Supp. 606; Budget Dress Corp. v. International Ladies' Garment Workers' Union, AFL–CIO (D.C.N.Y. 1959), 25 F.R.D. 506; Moore v. Prudential Insurance Company of America (D.C.N.C.1958), 166 F.Supp. 215; Russo v. Merck & Co. (D.C.R.I. 1956), 138 F.Supp. 147; Bank of Nova Scotia v. San Miguel (D.C.Puerto Rico 1949), 9 F.R.D. 171. See also Wright & Miller Federal Practice & Procedure, Vol. 5, Section 1380, page 782, 1969 ed.; and 2 A Moore's Federal Practice, Section 12.21, page 2429, 1968 ed.

▮▮▮▮ In Carter Wallace, Inc. v. Riverton Laboratories, Inc. (D.C.N.Y. 1969), 47 F.R.D. 366, the Court, while considering plaintiff's motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, expressed at pages 367–368 what we believe reflects the proper treatment of a motion under this Rule:

" * * * The standards [applicable on a motion to strike] have been stated in a variety of ways, 'A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear', or as the Court stated in Budget Dress Corp. v. International Ladies' Garment Workers' Union, 25 F.R.D. 506, 508 (S.D.N.Y.1959):

> A motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law and is not granted if insufficiency of the defense is not clearly apparent or may better be determined in a hearing on the merits. (citations omitted).

It is clear, that if there are either questions of fact or disputed questions of law, the motion must be denied. For the plaintiff to succeed on this motion, the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed. In examining the defenses, the Court must accept the matters well pleaded as true and should not consider matters contained outside the pleadings. These narrow standards are designed to provide a party the opportunity to prove his allegations if there is the possibility that his defense or defenses may succeed after a full hearing on the merits. (citations omitted)."

It is against the foregoing general rules dealing with motions to strike that this Court will analyze plaintiff's opposition to the contentions raised by both codefendants as affirmative defenses.

In relation to affirmative defense number 5 of Eli Lilly & Co., Inc. and number 3 of Lord Electric Company of Puerto Rico, Inc., the plaintiff, in his memorandum of law supporting his motion to strike, states that the "statutory em-

relief and the defense in question. See Wright and Miller, Federal Practice and

Procedure, Section 1381, page 791, 1969 ed.

ployer" defense the codefendants raise could have been a defense prior to the decision of Colón Nunez v. Horn Linie (1 Cir. 1970), 423 F.2d 952, which overruled Musick v. Puerto Rico Telephone Co. (1 Cir. 1966), 357 F.2d 603. The plaintiff further states that the Supreme Court of Puerto Rico has taken a similar view in González v. Cervecería Corona, Inc., No. R–68–272, Judgment of January 29, 1969. It is the contention of Lord Electric Company of Puerto Rico, Inc., that the issues in the case of Colón Nunez v. Horn Linie, supra, are different from those in this case. It also contends that in said case it was stipulated that the defendant carried no workmen's compensation insurance; while in the case before us, that is one of the questions of fact to be decided on the merits before denying this codefendant the status of "statutory employer". It further contends that the decision of the Supreme Court of Puerto Rico in the case of González v. Cervecería Corona, Inc., supra, has not decided the issue of the immunity of the principal contractor (what constitutes statutory employer) under the Puerto Rico Workmen's Accident Compensation Act, but merely remanded the case to the Commonwealth Superior Court, San Juan, Part, to make specific findings of fact as to whether or not Cervecería Corona, Inc. was the employer of the deceased workman at the time of the occurrence. Codefendant Eli Lilly & Co., Inc. contends that the Supreme Court of Puerto Rico has not made a final determination as to what constitutes a "statutory employer" and that a statutory employer-employee relationship may only be established after discovery proceedings are terminated. It also contends that it should be allowed to raise such a defense, as the control, supervision, direction and existing contractual relations between the plaintiff and this codefendant may be such that it could conceivably qualify as a "statutory employer". It is the contention of this codefendant, that the holding in the case of Colón Nunez v. Horn Linie, supra,

applies solely to a shipowner who claimed to be a statutory employer because by contract it required the principal employer to carry workmen's compensation insurance. Lastly, this codefendant contends that it may qualify as "statutory employer", not only because they required workmen's compensation insurance be paid, but because they may have performed other acts, such as control, supervision and payment of wages which could qualify them as "statutory employers".

■■■ This Court has read the cases cited by the plaintiff and is of the opinion that affirmative defense number 5 of Eli Lilly & Co., Inc. and number 3 of Lord Electric Company of Puerto Rico, Inc., clearly raises questions of fact and law that cannot be decided at this moment through a motion to strike. Augustus v. Board of Public Instruction of Escambia County, Florida (5 Cir. 1962), 306 F.2d 862; Carter Wallace, Inc. v. Riverton Laboratories, supra; Angel v. Ray (D.C.Wis.1968), 285 F. Supp. 64; Budget Dress Corp. v. International Ladies' Garment Workers' Union, AFL–CIO, supra. It is clear to the Court that the issue as to what constitutes a "statutory employer" has never been decided squarely by the Supreme Court of Puerto Rico. The Court is of the opinion that the defendants should be given the opportunity to offer evidence in support of their allegations concerning their alleged immunity as "statutory employers". When there is no showing that the allegation has no relationship to the controversy or that it will prejudice the moving party this Court is not willing to determine disputed and substantial questions of law or fact upon a motion to strike, but prefers to defer action on the motion and leave the sufficiency of the allegation after discovery and a determination on a hearing on the merits. Cf. Augustus v. Board of Public Instruction of Escambia County, Florida, supra; Carter Wallace, Inc. v. Riverton Laboratories, Inc., supra; Angel v. Ray,

supra; Occidental Life Insurance Co. v. Fried (D.C.Conn.1965), 245 F.Supp. 211; Bacican v. American Mutual Liability Insurance Co. (D.C.Pa.1961), 29 F.R.D. 133; Talarowski v. Pennsylvania Railroad Co. (D.C.Del.1955), 135 F.Supp. 503; Maytag Atlantic Co. v. Hamilton Manufacturing Co. (D.C.N.Y.1950), 91 F.Supp. 75.

In view of the above and because this Court is not convinced now of the insufficiency of the asserted defense, this Court will not strike codefendants' affirmative defense of "statutory employer".

 Affirmative defense number 7 of Eli Lilly & Co., Inc. and number 6 of Lord Electric of Puerto Rico, Inc., raise an issue as to plaintiff's domicile. The attack is based on codefendants' contention that they have their principal place of business in Puerto Rico, while the plaintiff was, at the time of the accident and at the time of the filing of the complaint,[9] a domiciliary of Puerto Rico. This Court has noticed that the same issue has been raised by the codefendants in their answer to the complaint, through a general denial.[10] It is the contention of the codefendants that this issue has to be decided on the merits and not through a motion to strike. This Court concedes that it is not an affront to the integrity of plaintiff's counsel nor to this Court, to doubt that plaintiff's allegation of citizenship is untrue. The contention seems to be raised in good faith and involves issues of fact and law, for the question of domicile is a mixed question of fact and

law, although mainly one of fact. Philadelphia & Reading Ry. Co. v. Sherman (2 Cir. 1916), 230 F. 814. The issue as to plaintiff's domicile at the time of filing the complaint could possibly present a question of change of domicile before suit. It is also conceded that, as codefendant Lord Electric of Puerto Rico, Inc. asserts, it is a rebuttable presumption that the place where a person actually lives is his domicile, and that a domicile, once established, continues until a change is shown, so that the burden of proving a change of domicile rests on the party alleging it. This Court also concedes that the presumption is in favor of an original or former domicile, over an acquired one and that it is a well settled principle of law that where the jurisdiction of a court is challenged the plaintiff has the burden of proving the court has jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). What this Court cannot concede is that the jurisdictional issue should be raised by way of an affirmative defense. What the Court has before it is nothing more than a negative defense, one which controverts the plaintiff's claim in his prima facie case; that is, one which tends to disprove one or all of the elements of a complaint. An affirmative defense is properly concerned with the pleading of a matter not within the plaintiff's prima facie case, that is, pleading matter to avoid plaintiff's cause of action. Goodwin v. Townsend (3 Cir. 1952), 197 F.2d 970; Feller v. McGrath (D.C.Pa.1952), 106

9. Petitioner concedes that at the time of the accident the beneficial plaintiff as well as his father, (no longer a plaintiff in this action—see footnote 3) were domiciliaries of Puerto Rico; but he alleges that at the time of the filing of the complaint they were domiciliaries of St. Croix, in the American Virgin Islands. The codefendants do not dispute that jurisdiction of this Court depends upon diversity of citizenship at the time of the filing of the complaint.

10. Under paragraph number 4 of the complaint, plaintiff expresses that this court has jurisdiction because of the diversity of the parties and because the amount in controversy exceeds $10,000.00 exclusive of interests and costs. Codefendant Eli Lilly & Co., Inc., under paragraph number 4 of its answer to the complaint, denies the above averment of the plaintiff. The answer to the complaint filed by codefendant Lord Electric of Puerto Rico, Inc. also denies the jurisdictional allegation of the plaintiff.

F.Supp. 147, affd. (3 Cir. 1953), 201 F.2d 670; cert. den. Feller v. Brownell, 1953, 346 U.S. 831, 74 S.Ct. 24, 98 L.Ed. 355; Owens Generator Co. v. H. J. Heinz Co. (D.C.Cal.1958), 23 F.R.D. 121; Alberts v. Pickard (1947), 148 Neb. 764, 29 N.W.2d 382; Chesapeake & Ohio Ry. Co. v. Carmichael (1944), 298 Ky. 769, 184 S.W.2d 91; Good v. Chiles (Texas Commission of Appeals 1933), 57 S.W.2d 1100. See also 2 A Moore's Federal Practice, Section 8.19(1), page 1811, 1968 ed.

While the affirmative defenses are governed by Rule 8(c) of the Federal Rules of Civil Procedure, Title 28, United States Code,[11] the negative defenses are governed by Rule 8(b) of the same federal rules.[12] The Court is of the opinion that it is a misnomer to speak of a defense, that is in substance a denial, as an affirmative defense. Whenever a denial is erroneously termed an affirmative defense it should, nevertheless, be treated for what it is, a negative defense.

In view of the fact that both codefendants have denied in their answers to plaintiff's complaint that this Court has jurisdiction to entertain this cause and in view of the fact that the jurisdictional issue can be raised at any time and that it is not pleading a matter not within the plaintiff's prima facie case, but controverts one of the necessary elements of plaintiff's case, this Court is of the opinion that codefendants' assertion of this allegation as an affirmative defense is improper, and, therefore, must be stricken.[13] Nevertheless, the defense of lack of jurisdiction should remain as part of codefendants' responsive pleadings, but only as a defense and not an affirmative defense. Furthermore, the Court is of the opinion that codefendants should come forward, by way of motion, after the necessary discovery is performed, requesting the dismissal of the complaint for lack of jurisdiction, if by said time they still insist on the defense.

As to the affirmative defenses numbers 8 and 9[14] of codefendant Eli Lily

11. Rule 8(c) of the Federal Rules of Civil Procedure in the appropriate part reads:
"* * * a party shall set forth affirmatively * * *, and any other matter constituting an avoidance or affirmative defense. * * *"

12. The pertinent part of Rule 8(b) of the Federal Rules of Civil Procedure reads:
"A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. * * *"

13. The Court is aware that in the case of Giraud v. Teamsters, Chauffeurs, Warehousemen & Helpers, Local 901, et al., D.C., 46 F.R.D. 5 (1969), Judge Fernández Badillo, of this Court, when confronted with a motion to strike defendants' assertions that the Court lacked jurisdiction over the subject matter and that the complaint failed to state a claim upon which relief could be granted, set forth in defendants' answer to the complaint as affirmative defenses, denied the requested motion to strike. Said denial was predicated upon the fact that the two asserted defenses were defenses that cannot be waived and therefore, if not interposed in their answer they could still be raised at a later stage of the proceedings. In relation to the defense of lack of subject matter jurisdiction, the Court said that the defendants merely set forth in their responsive pleadings that the jurisdictional question was in issue; that the defendants were not seeking a dismissal of the complaint for want of jurisdiction; and that the plaintiff in no way was prejudiced by the presence of such defenses in the pleadings.
This Judge is of the opinion that this is a very practical approach to the issue, but not the most appropriate procedurally, since the Court is entertaining as an affirmative defense what procedurally is a negative defense.

14. The Court has previously stated that codefendant Eli Lilly & Co., Inc., through affirmative defense number 8 contends that the accident was caused by the negligence and/or carelessness of persons beyond its control and through affirmative defense number 9, states that the damages claimed by the plaintiff are exaggerated and speculative.

& Co., Inc., the plaintiff states they are not affirmative defenses, but, at best, general denials.[15] Plaintiff further contends that they are prejudicial because a mere reading of them to the jury at the time of voir dire will cause him prejudice. Codefendant Eli Lilly & Co., Inc., contends that there is no ground to support plaintiff's contention for both defenses are valid and not insufficient, redundant, immaterial, impertinent or scandalous under Rule 12(f) of the Federal Rules of Civil Procedure. It further contends that it is up to it to prove the validity of the defenses at the time of trial and that a reading of them will not prejudice the plaintiff but, on the contrary, if plaintiff's complaint is read to the jury, it would cause much more prejudice to this codefendant, and that striking these defenses will solidify plaintiff's demands.

■■■ The various paragraphs of plaintiff's complaint where it is alleged that the codefendants were negligent and because of it have caused damages to the plaintiff, are denied by the codefendants in their respective answers to the complaint. As to codefendant Eli Lilly & Company, Inc.'s affirmative defense number 8 and codefendant Lord Electric of Puerto Rico Inc.'s affirmative defense number 5, it is this Court's opinion that they also constitute a negative defense that denies plaintiff's assertion that the codefendants are liable to him for their negligence. Since this has been denied, raising it by an affirmative defense will be redundant under Rule 12(f) of the Federal Rules of Civil Procedure. Furthermore we have said that negative defenses are not to be raised by affirmative defenses for

they controvert an element of plaintiff's prima facie case. In view of the above, this Court is of the opinion that Eli Lilly & Co., Inc.'s affirmative defense number 8 and Lord Electric of Puerto Rico, Inc.'s affirmative defense number 5, must be stricken. This is not to say that at trial the codefendants cannot present evidence to the effect that the accident was not the result of the negligence of the codefendants, but the result of the negligence of other persons beyond the control of the codefendants. By making a general denial of any negligence on their part, the codefendants can present at trial any evidence to show that the claimed damage was not caused by their negligence. In the same way the plaintiff can plead negligence in general terms and prove any negligent act, so may a defendant deny negligence generally and prove that the claimed damage was not caused by him but by the conduct of a third person beyond his control.

■■■ This Court is also of the opinion that codefendant Eli Lilly & Co., Inc.'s affirmative defense number 9, whereby the damages claimed by the plaintiff are, as an affirmative defense, said to be exaggerated and speculative, is not an affirmative defense but a negative defense, encompassed under the general denial made by this codefendant of plaintiff's assertion related to the damages he has suffered and, as such, must be stricken. Likewise, this is not to say that at trial, this codefendant cannot present evidence to prove that the damages suffered by the plaintiff are not as high as he alleges they are.

■■■ As to Eli Lilly & Company, Inc.'s affirmative defense number 10,

---

15. Although the plaintiff has opposed codefendant Eli Lilly & Co., Inc.'s affirmative defense number 8 "that the accident was caused by the negligence and/or carelessness of persons beyond the control of the appearing defendant", he has failed to oppose affirmative defense number 5 of codefendant Lord Electric of Puerto Rico, Inc., which raises the same contention. This Court fails to see any reason for this inadvertedness and will decide accordingly whether this affirmative defense of both codefendants is proper.

plaintiff opposes it contending that it is insufficient in law, for if this codefendant contends that plaintiff's employer was negligent, this codefendant is not entitled to any reduction unless it joins said employer as a third party defendant. Since Eli Lilly & Co., Inc. has joined beneficial plaintiff's employer, J. A. Jones Construction Co., beneficial plaintiff's opposition is now moot and the defense should be allowed to stand for it is not insufficient, redundant, immaterial, impertinent or scandalous as stated in Rule 12(f) of the Federal Rules of Civil Procedure, Title 28, United States Code.

In view of all the foregoing, it is hereby ordered, that plaintiff's motion to strike affirmative defenses numbers 5 and 10 of codefendant Eli Lilly & Co., Inc., and affirmative defense number 3 of Lord Electric Company of Puerto Rico, Inc. be denied; and,

It is further ordered, that plaintiff's motion to strike affirmative defense number 7 of codefendant Eli Lilly & Co., Inc. and number 6 of Lord Electrict Company of Puerto Rico, Inc., be granted, but limited to convert the asserted affirmative defense into a negative defense, permitting the defense to remain as part of codefendant's responsive pleadings; and,

It is further ordered, that plaintiff's motion to strike affirmative defenses numbers 8 and 9 of codefendant Eli Lilly & Co., Inc. be granted, and as such said defenses shall be stricken from this codefendant's answers to the complaint; and,

It is further ordered, that, in view of our disposition in relation to codefendant Eli Lilly & Co., Inc.'s affirmative defense number 8, affirmative defense number 5 of Lord Electric Company of Puerto Rico, Inc., be stricken from its answer to the complaint.

It is so ordered.