**Carl F. BRUCE, Plaintiff,**

v.

**Gary A. ROSENBERG, Defendant.**

No. 78–C–669.

United States District Court,
E. D. Wisconsin.

April 10, 1979.

Gibbs, Roper, Loots & Williams by Richard S. Gibbs, H. Boone Porter, III, Milwaukee, Wis., for plaintiff.

Shefsky, Saitlin & Froelich by Clifford E. Yuknis, Chicago, Ill., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the plaintiff's motion to strike certain affirmative defenses interposed in the defendant's answer on the ground that such defenses are insufficient. Rule 12(f), Federal Rules of Civil Procedure.

This is an action in which the plaintiff, Carl F. Bruce, a minority shareholder in the Universal Development Corporation (UDC), claims that the defendant, Gary A. Rosenberg, chairman of UDC's board, with intent to defraud, purchased the plaintiff's 15,000 shares without disclosing certain material information, thereby rendering certain information supplied misleading, in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5, 17 C.F.R. § 240.10b–5. The information which the defendant assertedly failed to disclose was (1) that a month before the transaction in question, UDC had sold a large block of stock at $6.00 per share, whereas the plaintiff received only $1.50 per share; and (2) that the 1977 financial statement soon to be published would reveal an increase in earnings of over 100% and an increase in shareholder's equity of over 22%.

In a decision and order dated January 4, 1979, I denied the defendant's motion to dismiss for failure to state a claim. I rejected the defendant's argument that he did not have a duty to disclose the allegedly material information under the circumstances alleged in the complaint. Thereafter, the defendant filed his answer to the amended complaint, interposing eight affirmative defenses.

The third, fourth and eighth affirmative defenses are at issue here. The third affirmative defense avers that the plaintiff is barred from maintaining or prosecuting the action by reason of his contributory negligence and failure to exercise due care and due diligence. The fourth affirmative defense states that the defendant was under no duty to disclose information to the plaintiff. The eighth affirmative defense repeats the allegation that the plaintiff failed to exercise due care and avers that the damages sustained by the plaintiff were caused by such failure.

The plaintiff alleges that the fourth affirmative defense must be stricken as insufficient in view of the court's decision on January 4, 1979. Although in that decision I found that the allegations of the amended complaint gave rise to a duty of disclosure on the part of the defendant to the plaintiff, such finding is not, as the plaintiff argues, the "law of the case" with respect to the substantive question whether the defendant had a duty to disclose material inside information to the plaintiff before buying his stock. It is only the law of the case with respect to the sufficiency of the amended complaint to state a claim upon which relief may be granted.

Nevertheless, in view of the admissions in the defendant's answer, I believe the fourth affirmative defense is insufficient. The answer admits that the defendant was chairman of the board at all rele-

vant times and that he personally purchased the plaintiff's stock after having provided the plaintiff with financial statements for the years 1975-1976. As I stated on the motion to dismiss, these allegations of the complaint, which the defendant does not dispute, give rise to a duty to disclose all material inside information. Accordingly, the fourth affirmative defense is clearly insufficient and should be stricken.

The plaintiff seeks to strike the third and eighth affirmative defenses on the basis that the defense of lack of due care is unavailable where the defendant is charged with intentional fraud.

Cases in the wake of *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), have held that since negligence cannot give rise to liability under rule 10b–5, contributory negligence, or a lack of due care, cannot be invoked as a defense. *Sundstrand Corp. v. Sun Chemical Corp.,* 553 F.2d 1033, 1040 (7th Cir.), cert. denied 434 U.S. 875, 98 S.Ct. 224, 54 L.Ed.2d 155 (1977); *Holdsworth v. Strong,* 545 F.2d 687 (10th Cir. 1976), cert. denied 430 U.S. 955, 97 S.Ct. 1600, 51 L.Ed.2d 805 (1977). However, both *Sundstrand* and *Holdsworth* leave open the possibility for a contributory fault defense if the plaintiff engages in "gross conduct somewhat comparable to that of the defendant." *Holdsworth,* at 693; *Sundstrand,* at 1048. See also, *Goodman v. Epstein,* 582 F.2d 388, 405 (7th Cir. 1978).

■ It would be improper, in my judgment, to make a determination on the present motion whether the plaintiff's conduct, to the extent it is revealed by the pleadings, can be characterized as "gross conduct somewhat comparable to that of the defendant." In contrast to the fourth affirmative defense, the facts underlying the third and eighth affirmative defenses have been placed in issue by the pleadings. Therefore, a motion to strike the latter defenses is inappropriate. *Angel v. Ray,* 285 F.Supp. 64, 66 (E.D.Wis.1968).

For these reasons, the motion to strike will be granted only with respect to the fourth affirmative defense.

Therefore, IT IS ORDERED that the plaintiff's motion to strike be and hereby is granted as to the fourth affirmative defense and denied as to the third and eighth affirmative defenses.