WILLIAMS, APPELLANT, *v.* JERRY L. KALTENBACH ENT., INC., D.B.A. GOODINGS AMUSEMENT ET AL., APPELLEES.

(No. C-800304—Decided June 17, 1981.)

*Messrs. Kondritzer, Gold & Frank, Mr. Baron H. Gold* and *Mr. James C. Crowley,* for appellant.

*Messrs. Lindhorst & Dreidame* and *Mr. Richard J. Schimpf,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant Sharon Williams, initiated this action for damages by filing a complaint on May 16, 1979, against Jerry L. Kaltenbach Enterprises, Inc. d.b.a. Goodings Amusements and Goodings Million Dollar Midways, an Ohio corporation. Appellant claimed that on June 1, 1977, she was injured on a carnival ride negligently operated by defendant-appellee. Service was obtained upon the named defendant on May 25, 1979. Appellant subsequently learned she had filed suit against the wrong party and on October 18, 1979, filed an amended complaint naming "John Doe" d.b.a Goodings Million Dollar Midways as defendant. On November 19, 1979, she filed a second amended complaint eliminating the John Doe designation and naming Goodings Million Dollar Midways, Inc., a Massachusetts based corporation, as defendant. Service was obtained on November 27, 1979. Appellee moved to dismiss the action under Civ. R. 12 (B)(6) for failure to state a claim upon which relief can be granted. Appellee argued that the claim was barred by the statute of limitations because it was not named in the complaint until after the statutory period of two years had run. R.C. 2305.10. The court granted the motion and entered final judgment for appellee.

As her first assignment of error appellant contends the trial court erred in granting appellee's motion to dismiss by ruling as a matter of law that the complaint was barred by the statute of limitations. She argues that under Civ. R. 15(C) the amended complaint naming appellee relates back to the original complaint filed two weeks before the statute of limitations had run.

The purpose of Civ. R. 15(C) is to ameliorate the effect of the statute of limitations in certain situations. Three conditions must be satisfied to prevail under the rule. Appellant must

demonstrate that: (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action against him, the party to be brought in received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) within the period provided by law for commencing the action against him, the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Since appellant seeks only to change the party against whom her claim is asserted, the first condition of Rule 15(C) is satisfied.

As to the second condition, there is nothing in the record of this case indicating that appellee received notice of the institution of the lawsuit prior to receiving service of process more than five months after the statute of limitations had run.[1] This is not a case where the substituted defendant can be presumed to have known of the institution of the action because of its close relationship with the originally named defendant. Cf. *United States* v. *Travelers Ins. Co.* (D. Colo. 1966), 40 F.R.D. 316. This "identity of interests concept" provides that notice

to the original defendant serves as constructive notice to a party substituted after the limitations period has expired when the original and substituted parties are so closely related in business or other activities that it is fair to presume the added party learned of the institution of the action shortly after it was commenced. *Jimenez* v. *Toledo* (C.A. 1, 1979), 604 F. 2d 99. There is no evidence in the case *sub judice* of any relationship between the originally named defendant and the substituted defendant, and notice to the first was not constructive notice to the second.

Appellant maintains, however, that the second condition of Civ. R. 15(C) has been satisfied. Appellant stated in an affidavit that prior to the running of the statute of limitations she notified a claims adjuster with the original defendant's insurance company of the instigation of the lawsuit. Appellee was insured by the same company, and appellant argues that under the identity of interests concept notice to the claims adjuster was notice to appellee. While no Ohio case has considered whether notice to an insurance company is notice to its insured,[2] this court has held that notice to a father does not automatically constitute notice to his son. *Kirtley* v. *Pennington* (July 11, 1979), No. C-780425, unreported. It is not necessary, however, to decide if there is sufficient

---

[1] On appeal appellant has argued Civ. R. 15(C) should be read in conjunction with Civ. R. 3(A) such that the phrase "within the period provided by law for commencing the action against him" includes not only the applicable statute of limitations period but also the one year Civ. R. 3(A) allows for service of process after a complaint is filed. (Appellee did receive notice within one year from the filing of the complaint.) Several federal cases have followed this theory in reference to Fed. R. Civ. P. 15(c). *Kirk* v. *Cronvich* (C. A. 5, 1980), 629 F.2d 404; *Ingram* v. *Kumar* (C. A. 2, 1978), 585 F.2d 566, certiorari denied (1979), 440 U.S. 940. Appellant did. not raise this argument below,

however, and we cannot consider it here. See discussion and cases cited *infra*. We will follow the theory appellant adhered to below: that the phrase in question refers to the two-year statute of limitations period. We also note that this court has previously construed the phrase to mean the same time period, *i.e.*, two years. *Kirtley* v. *Pennington* (July 11, 1979), No. C-780425, unreported.

[2] A federal case has held that under Fed. R. Civ. P. 15(c) notice to an insurance company of the instigation of a lawsuit constitutes notice to its insured. *Angel* v. *Ray* (E.D. Wis. 1968), 285 F. Supp. 64. See, also, *Denver* v. *Forbes* (E.D. Pa. 1960), 26 F.R.D. 614.

connection between appellee and its insurance company to satisfy the notice requirement of Civ. R. 15(C) because the third condition has not been met; *i.e.,* appellant has made no showing that before the statute of limitations had run appellee knew or should have known that appellant was mistaken as to the identity of the proper party and but for that mistake the action would have been brought against it. Since appellant has clearly failed to satisfy the last condition, she cannot prevail under Civ. R. 15(C).

On appeal appellant argues that the doctrine of equitable estoppel permits relation back under Civ. R. 15(C), but the record contains no reference to equitable estoppel as a basis for appellant's opposition to the motion to dismiss. It is well settled that issues not raised in the trial court will not be considered on appeal. *Shibley* v. *Time, Inc.* (1975), 45 Ohio App. 2d 69 [74 O.O.2d 101]; *Webb* v. *Grimm* (1961), 116 Ohio App. 63 [21 O.O.2d 302]. Cf. *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98].

Civ. R. 15(C) will not permit the relation back of appellant's amended complaint. Her claim is thus barred by the statute of limitations, and the trial court was correct in dismissing the complaint under Civ. R. 12(B)(6). The first assignment of error is accordingly overruled.

Appellant's second assignment of error states the trial court erred in granting the motion to dismiss because it failed to consider the tolling of the statute of limitations pursuant to R.C. 2305.15. This issue was not raised below and, thus, cannot be considered here. See discussion and cases cited *supra.* The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BLACK, P.J., KEEFE and DOAN, JJ., concur.