### Davis v. McClain
*[Cite as 7 AOA 239]*

Case No. 592
*Carroll County, (7th)*
*Decided September 17, 1990*

*Robert D. Warner, and Thomas R. Kelly, The 113 St. Clair Building, Cleveland, Ohio 44114 and Christopher P. DeLaCruz, 1101 Central Trust Tower, Canton, Ohio 44702, for Plaintiff-Appellant.*

*Jack R. Baker, 205 Mellett Building, Canton, Ohio 44702, and John T. Smiley, Prosecuting Attorney, 70 East Main Street, Carrollton, Ohio 44615, for Defendants-Appellees.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Carroll County, Ohio, from the overruling of a motion for summary judgment filed by plaintiff-appellant, Nelda Davis (hereinafter "appellant"), administratrix of the estate of Ralph T. Davis, deceased, and the sustaining of a motion for summary judgment filed by defendants-appellees, John McClain, Carroll County engineer, and Carroll County Commissioners Robert Smith, Richard Walton, and Russell Barrett (hereinafter "appellees").

This appeal arises from a wrongful death action filed by appellant against the appellees. Appellant has alleged that the appellees negligently "screened" a road and failed to place warning signs of road conditions along County Road 18 in Carroll County, Ohio, and these actions or omissions caused the decedent to lose control of his motorcycle while traveling upon County Road 18, proximately causing his death.

A joint answer on behalf of all named appellees was filed on May 31, 1988. Substantial discovery ensued. Appellant's first attorney, Victor J. Helling, died on January 10, 1989. On March 6, 1989, Attorneys Christopher DeLaCruz and Robert D. Warner filed a joint notice of appearance on behalf of appellant. Further discovery ensued, including service in March of 1989 of appellant's request for admissions propounded to Carroll County, Ohio, Board of Commissioners, and a notice of service thereof having been filed with the court; and appellant's request for production of documents propounded to John McClain, Carroll County engineer and Carroll County board of commissioners, notice of service of same having been filed with the court on April 14, 1989, appellees served their answers to these discovery requests without objection to the party to whom they were directed, and filed a notice of service of said responses with the court. On March 6, 1989, appellant filed a motion to transfer venue to Stark County, Ohio.

On June 20, 1989, appellant propounded her second set of requests for admissions (directed to "Defendant Carroll County, Ohio, Board of Commissioners"), notice of service of same having been filed with the court. On June 23, 1989, Attorney Jack R. Baker, counsel for appellees, answered said second request for admissions raising the issue that said requests were propounded to the board of commissioners, and that the board of commissioners was not a party to the action. Attorney Baker had answered the first set of discovery requests propounded to the same entity.

On July 11, 1989, appellant filed a motion for leave to file amended complaint, with the proposed amended complaint attached thereto. The amended complaint sought to amend the caption of the original complaint to read:

"NELDA S. DAVIS, Individually and as the Administratrix of the Estate of Ralph T. Davis, Jr., Deceased, v. THE BOARD OF COUNTY COMMISSIONERS OF CARROLL COUNTY, OHIO, ***."

By opinion and judgment entry dated August 24, 1989, the court overruled and denied appellant's motion for leave to file amended complaint.

Prior to those orders of the court, appellant filed her motion for summary judgment as to liability only on May 25, 1989. On June 15, 1989, appellant filed a second motion for summary judgment on all issues and against all appellees. On August 7, 1989, appellees filed their motion

for summary judgment and reply in opposition to appellant's motion for summary judgment.

On October 2, 1989, the court issued an opinion and judgment entry denying appellant's motion for sanctions, and further dismissing the individual appellees, county commissioners, apparently pursuant to Civ. R. 12(B) (6). By opinion and judgment entry dated October 25, 1989, the trial court overruled and denied appellant's motion for summary judgment filed May 25, 1989, as to appellee McClain, granted appellee McClain's motion for summary judgment filed August 7, 1989; and rendered final judgment in appellee McClain's favor and against the appellant. That order concluded this case.

Appellant sets forth five assignments of error, the first of which states:

"The trial court abused its discretion and committed reversible error by denying appellant's motion for leave to file amended complaint where all conditions of Rule 15 of the Ohio Rules of Civil Procedure had been satisfied."

We find appellant's first assignment of error has merit for the following reasons.

Ohio Civ. R. 15 provides, in pertinent part:

"(A) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. *Leave of court shall be freely given when justice so requires.* ***

"***

"(C) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment *(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper*

*party, the action would have been brought against him.*

"The delivery or *mailing of process* to this state, a municipal corporation *or other governmental agency, or the responsible officer of any of the foregoing,* subject to service of process under Rule 4 through Rule 4.6, *satisfies the requirements of clauses (1) and (2) of the preceding paragraph if the above entities or officers thereof would have been proper defendants upon the original pleading. Such entities or officers thereof or both may be brought into the action as defendants.*" (Emphasis added.)

Civ. R. 15(A) requires leave to be freely given "when justice so requires."

The staff notes to Civ. R. 15(C) provide that:

"*** [A]n amendment concerning parties to an action is not affected by an intervening statute of limitation provided that the conditions set forth in Rule 15(C) are met." In fact, the purpose of Rule 15(C) is to ameliorate the effective statute of limitations in certain situations. See, *Williams v. Jerry L. Kaltenbach Ent., Inc.* (1981), 2 Ohio App. 3d 113. The *Williams* court succinctly set forth the test a court must employ in determining whether the conditions of Rule 15(C) have been met. At pages 113-114 of the *Williams* opinion, the First District Court of Appeals stated:

"*** Three conditions must be satisfied to prevail under the rule. Appellant must demonstrate that: (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action against him, the party to be brought in received such notice of the institution of the action that he will not be prejudice in maintaining his defense on the merits; and (3) within the period provided by law for commencing the action against, the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Since appellant sought only to change the party against whom the claim was asserted, the first condition of Rule 15(C) is obviously satisfied. *Williams, Id.* Therefore, the relevant analysis is whether or not appellant satisfied the remaining two conditions of this three-pronged test.

A county board of commissioners, while being a legal entity, is comprised, acts through, and receives notice through its human members, the individual commissioners. The record in this case

clearly reflects that each individual commissioner was served, in his official capacity as a county commissioner, on May 5, 1988. Consequently, the board of commissioners itself, which can only exist to the extent of its individual human members, also received full notice of the institution of the action and the content of appellant's allegations at that time. Accordingly, by receipt of such notice, the board would not be prejudiced in maintaining its defenses on the merits of the instant case. The same defenses that the board would have had available to it in April of 1988 were available to it in July of 1989, and, in fact, are available to it today. The lapse of time did not remove any defenses on the merits that the board may have had originally.

The courts of Ohio have considered this issue in many similar cases. The Ohio Supreme Court, in *Hardesty v. Cabotage* (1982), 1 Ohio St. 3d 114, considered this issue in the context of a medical malpractice action wherein the plaintiff attempted to sue, in addition to independent physicians, the Blanchard Valley Hospital Association, Inc., but incorrectly named as a party-defendant the board of trustees of Blanchard Valley Hospital. Upon consideration of the trial court's ruling on plaintiff's motion to amend pursuant to Rule 15(C) in that case, the Ohio Supreme Court found that because certified mail service of the complaint had been receipted by the same person on behalf of both the improperly named defendant and the properly named defendant, then notice was imputed to the correct defendant. Specifically, at page 117, the court quoted from the lower court decision in that case:

"'*** It is an inescapable inference that the corporation received actual notice on the prior date sufficient to eliminate any prejudice in maintaining its defense.'"

It is this same "identity" or "unity of interest" that imputes notice in this case from the individual commissioners to the board of commissioners which they comprise. The court in *Williams supra,* at page 114, stated:

"*** This 'identity of interests concept' provides that notice to the original defendant serves as constructive notice to a party substituted after the limitations period has parties are so closely related in business or expired when the original and substituted other activities that it is fair to presume the added party learned of the institution of the action shortly after it was commenced. *Jimenez v. Toledo* (C.A. 1, 1979), 604 F. 2d 99."

In the instant case, this same analysis applies to the Carroll County board of commis-

sioners. All persons who are empowered to act on behalf of the board, i.e., the commissioners themselves, received actual notice of the institution of the action and the extent to which the allegations were made.

The Ohio Supreme Court reiterated this concept in *Baker v. McKnight* (1983), 4 Ohio St. 3d 125. In *Baker,* the plaintiff filed complaint against a defendant who had died between the accrual of the cause of action and the filing of the complaint, thus causing the suit to be a nullity. Subsequent to the expiration of the statute of limitations, the plaintiff sought to amend, pursuant to Rule 15(C), to add as the defendant the administratrix of the estate. The Supreme Court held that the plaintiff could do so, pursuant to the relation back doctrine of 15(C), on the grounds that due to the relationship between the administratrix and the deceased tortfeasor, the notice element of Rule 15(C) had been met.

The Ohio Supreme Court, in *Hardesty, supra,* at 117, stated:

"Such a result comports with the purpose of the Civil Rules. 'The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies.' *Peterson v. Teodosio* (1973), 34 Ohio St. 2d 161, 175 ***. Decisions on the merits should not be avoided on the basis of mere technicalities, pleading is not 'a game of skill in which one misstep by counsel can be decisive as to the outcome *** [rather] the purpose of pleading is to facilitate a proper decision on the merits.'"

This appellate district has stated to the same effect in *Gentile v. Carr* (1981), 4 Ohio App. 3d 55. This court in *Gentile* found that the procedural requirements of the Civil rules along with the pertinent statutes were not intended primarily to deprive persons of their day in court. This court specifically stated, at page 59 of that opinion:

"*** The spirit of procedural rules is that cases should be heard upon the merits as far as it is reasonably possible. *Legal fiction should not be devised to preclude a party's day in court and avoid adjudication of controversies on their merits.*" (Emphasis added.)

For all of the foregoing reasons we find that the trial court abused its discretion in denying appellant's motion for leave to file amended complaint.

We, therefore, sustain appellant's first assignment of error.

Appellant's second and fourth assignments of error state:

"II. The trial court erred by dismissing the individual county commissioners."

"IV. The trial court erred by granting appellees' motion for summary judgment with respect to county engineer, John McClain."

R.C. 305.12 provides:

"The board of county commissioners may sue and be sued, and plead and be impleaded, in any court. It may bring, maintain, and defend suits involving an injury to any public, state, or county road, bridge, ditch, drain, or watercourse in the county with respect to which the county has the primary responsibility to keep in proper repair, and for the prevention of injury to them."

Regarding the duties of repair and maintenance of county roads imposed upon the county engineer, R.C. 5543.01 provides:

"The county engineer shall have general charge of the following:

"(A) Construction, reconstruction, improvement, maintenance, and repair of all bridges and highways within his county, under the jurisdiction of the board of county commissioners;"

The complaint filed by appellant alleges that the decedent was killed upon County Road 18 in Carroll County, Ohio, as a result of the negligence of appellees. By statutory definition, the four individuals named in appellant's complaint are employees of Carroll County, a political subdivision:

"'Employee' means an officer *** who is authorized to act and is acting within the scope of his employment for a political sub-division. *** 'Employee' includes any elected or appointed official of a political subdivision." R.C. 2744.01(B).

R.C. 2744.03(A) also provides that county employees are completely immune from liability except in three specific instances:

"(6) *** [T]he employee is immune from liability unless one of the following applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) His acts or omissions were with malicious purposes, in bad faith, or in a wanton or reckless manner;

"(c) Liability is expressly imposed upon the employee by a section of the Revised Code."

Based on the above provisions, the county engineer and individual county commissioners are immune from liability for negligence. Since appellant in this case did not allege that the individual appellees acted outside the scope of their employment or in a wanton or reckless manner, the individual appellees cannot, therefore, be held liable for the alleged negligence causing the decedent's death. Thus, the individual appellees in this case were properly dismissed by the trial court.

We, therefore, overrule appellant's second and fourth assignments of error.

Appellant's third assignment of error states:

"The trial court erred by denying plaintiff's motion for summary judgment."

We find this assignment of error has no merit. The reasoning under the second and fourth assignments of error also apply herein. Furthermore, there are genuine issues to be tried, such as proximate cause.

We overrule appellant's third assignment of error. Appellant's fifth assignment of error states:

"The trial court erred by denying plaintiff's motion to transfer venue."

Appellant's argument under this assignment of error is that a newspaper of general circulation in the jurisdiction of the trial court published an article making reference to this particular case, although not by name. The newspaper article went on to publish information to the effect that Carroll County "at that time did not have liability insurance. Therefore, appellant argues that the integrity of the jury in this case may have been compromised by the understanding that there was no insurance coverage for the county in which they pay taxes, that this would have colored their objective evaluation of the merits of this case. We find this argument highly speculative.

The test for a fair and impartial jury is for the attempt to be made to select a jury. It is not sufficient to take into account locally circulated newspaper articles. This step has not been reached.

We overrule appellant's fifth assignment of error.

Having sustained appellant's first assignment of error, thus permitting appellant to file an amended complaint, this matter will be remanded for further proceedings not inconsistent with this opinion. Therefore, the trial court's judgment is reversed in part and affirmed in part.

O'NEILL, P.J., and COX, J., concur.