OPINION
{¶ 1} On November 23, 2004, appellants, Angel Staffing Solutions and Dennis and Kimberly White, filed a pro se complaint against appellees, Somerset Care Center and Trans Healthcare, Inc., claiming appellees failed to pay for services rendered by appellants per a contract.
 {¶ 2} Appellees filed an answer on December 21, 2004, and served appellants with requests for production of documents, admissions and interrogatories. On April 13, 2005, appellants filed a motion to extend time to respond to appellees' discovery requests. By entry filed April 15, 2005, the trial court granted an extension until May 16, 2005.
 {¶ 3} On June 2, 2005, appellees filed a notice of deemed admissions pursuant to Civ.R. 36 based upon appellants' failure to respond to the discovery requests. On August 4, 2005, appellees filed a motion for summary judgment. By judgment entry filed November 8, 2005, the trial court granted said motion and dismissed appellants' complaint.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED WHEN IT GRANTED THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSED THE COMPLAINT FILED BY ANGEL STAFFING SOLUTIONS."
 I {¶ 6} Appellants claim the trial court erred in granting summary judgment to appellees. We disagree.
 {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 10} In its motion for summary judgment, appellees claimed there were no genuine issues of material fact because appellants had failed to respond to their discovery requests, even after the trial court had granted appellants an extension of time to May 16, 2005. As of the filing of the notice of deemed admissions, June 2, 2005, appellants had not responded. Appellants did not file a notice of service of response to appellees' discovery requests until September 7, 2005, after the filing of appellees' August 4, 2005 motion for summary judgment.
 {¶ 11} Appellants argue appellees' answer to the complaint admitted that appellants provided temporary employees to appellees. See, Answer filed December 21, 2004. However, the remainder of the answer contains a general denial of any contract or amount due.
 {¶ 12} Appellants now argue appellees did not follow the requirements of Civ.R. 33(A) and Civ.R. 36(A) in providing both print and electronic copies of the discovery requests:
 {¶ 13} "[Civ.R. 33(A)] * * * A party serving interrogatories shall provide the party served with both a printed and an electronic copy of the interrogatories. The electronic copy shall be provided on computer disk, by electronic mail, or by other means agreed to by the parties. A party who is unable to provide an electronic copy of the interrogatories may seek leave of court to be relieved of this requirement. * * *
 {¶ 14} "[Civ.R. 36(A)] * * * A party serving a request for admission shall provide the party served with both a printed and an electronic copy of the request for admission. The electronic copy shall be provided on computer disk, by electronic mail, or by other means agreed to by the parties. A party who is unable to provide an electronic copy of a request for admission may seek leave of court to be relieved of this requirement."
 {¶ 15} This is the first time appellant has advanced this argument. It was not mentioned in either the motion for extension of time filed April 13, 2005 or the response to the motion for summary judgment filed September 9, 2005. Issues which were not raised at the trial court level cannot be raised for the first time on appeal. Boyd v. Edwards (1982), 4 Ohio App. 3d 142;Williams v. Jerry L. Kaltenbach Ent., Inc. (1981),2 Ohio App. 3d 113.
 {¶ 16} We find without specific leave for a further extension of time and appellants' failure to file a timely response to the request for admissions, the trial court was correct in granting summary judgment to appellees. The general denial in the answer, despite the acknowledgement that employees were provided, did not create any issue of material fact.
 {¶ 17} The sole assignment of error is denied.
 {¶ 18} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed.