OPINION
{¶ 1} Plaintiff-appellant George Stuck appeals from a judgment of the trial court dismissing both his personal injury claim and his claim for uninsured/underinsured (UM/UIM) motorists benefits. Stuck contends that the trial court erred in dismissing his claims for damages against the alleged tortfeasor, Dennis Coulter, because the court had previously granted a default judgment against Coulter and had scheduled a hearing on damages. Stuck *Page 2 
further contends that the trial court erred in dismissing the UM/UIM claim against Defendant-appellee Safe Auto Insurance Company (Safe Auto), based on Stuck's failure to file suit within the contractual limitations period. Stuck contends that the insurance policy is ambiguous, and that the "relation-back" doctrine should apply to preserve his claims against Safe Auto.
 {¶ 2} We conclude that the trial court erred in dismissing the claims against Coulter, since the court had previously scheduled a hearing on damages to be awarded against Coulter. The court did not err, however, in dismissing the claims against Safe Auto for UM/UIM coverage. The contractual provision setting forth a two-year limitations period for filing actions against the insurer was unambiguous, and Stuck failed to file within the appropriate time. The "relation-back" doctrine also does not apply, because Stuck did not satisfy the requirements of Civ. R. 15(C). Accordingly, that part of the judgment of the trial court dismissing Stuck's claims against Coulter is Reversed, that part of the judgment dismissing Stuck's claims against Safe Auto is Affirmed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 3} On January 31, 2003, automobiles operated by Jeff Stuck and Dennis Coulter collided. Jeff Stuck is George Stuck's son, and George was a passenger in Jeff's automobile at the time of the accident.[1]
Coulter was at fault in the accident and apparently did not have automobile liability insurance. Jeff was insured by State Auto and George was insured by *Page 3 
Nationwide Insurance Company (Nationwide).
 {¶ 4} On January 19, 2005, George filed a complaint against Coulter and Nationwide. George alleged that he had sustained personal injuries in the accident due to Coulter's negligence. George also alleged that Nationwide was his own UM/UIM carrier and would be obligated to provide coverage if Coulter did not have insurance.
 {¶ 5} On January 26, 2005, George filed an amended complaint, adding Jeff as a party. The amended complaint did not contain any allegations against Jeff. In the prayer for relief, George asked the court for a finding that he was "entitled to UM/UIM average [sic] via his auto policy and/or any other policies in effect at the time of his accident."
 {¶ 6} Jeff signed for the certified mail service on January 28, 2005. Subsequently, in November 2005, Jeff moved for judgment on the pleadings, based on the fact that the complaint made no claim against him. Jeff's motion was granted in December 2005, and he was dismissed as a party. Nationwide moved for summary judgment on December 16, 2005, based on the claim that UM/UIM coverage was excluded under Nationwide's policy because Jeff and George lived at the same address at the time of the accident. There was no opposition to this motion, and the trial court granted summary judgment to Nationwide in January 2006.
 {¶ 7} George filed a second amended complaint on January 23, 2006. The second amended complaint retained Jeff as a party, even though Jeff had already been dismissed as a party. George also added a third cause of action, which stated that Safe Auto should be added as a party because Jeff was insured by Safe Auto with UM/UIM coverage. Despite the fact that Safe Auto was not listed in the complaint, a request was made for certified mail service on Safe Auto. Safe Auto was then served with the second amended complaint on *Page 4 
January 28, 2006. This was a few days short of three years after date of the auto accident.
 {¶ 8} Safe Auto moved to dismiss the complaint because it had not been officially named, but the trial court overruled the motion, finding that the allegations in the second amended complaint could result in relief being granted against Safe Auto. Subsequently, in June 2006, Safe Auto moved for summary judgment, contending that George failed to comply with contractual provisions requiring that any action against Safe Auto be filed within two years of the auto accident.
 {¶ 9} The trial court filed a decision and entry in August 2006, indicating that it would reconsider its decision dismissing Jeff as a party. The court asked the parties to submit memoranda on this point by the end of August. On August 14, 2006, the trial court also granted a default judgment against Coulter on the issue of liability only, and set a hearing on damages for December 19, 2006.
 {¶ 10} Subsequently, in September 2006, the trial court issued a decision finding that Jeff should remain a party since he was the real party in interest as the insured person for purposes of allowing George to make a claim against Safe Auto. The court also concluded that Safe Auto was not entitled to summary judgment, because Jeff, its named insured, had been properly served with the complaint within the two-year limitations period.
 {¶ 11} Both Safe Auto and Jeff moved for reconsideration. In November 2006, the trial court granted the motions for reconsideration and dismissed the case as to both Jeff and Safe Auto. The court also dismissed the entire action, despite the fact that the damages issue against Coulter had not been resolved. From the order of dismissal, George appeals.
 II *Page 5 {¶ 12} George's First Assignment of Error is as follows:
 {¶ 13} "THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF GEORGE STUCK'S HEARING ON DAMAGES AGAINST DENNIS COULTER."
 {¶ 14} Under the First Assignment of Error, George contends that the trial court erred by dismissing Coulter from the case when a hearing on damages had already been scheduled. We agree that the trial court erred. The record reflects that the trial court granted default judgment as to liability, only, against Coulter on August 14, 2006. The court scheduled a damages hearing for December 19, 2006, but then dismissed the entire action against all parties on November 27, 2006.
 {¶ 15} Civ. R. 55 allows entry of default judgment against a party who has failed to plead or defend. The rule also provides that:
 {¶ 16} "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 17} In moving for default judgment, George asked for a hearing on damages, and the trial court scheduled a damages hearing after granting default judgment on liability. Accordingly, the court committed reversible error by dismissing the action as to all parties and claims.
 {¶ 18} George's First Assignment of Error is sustained.
 III *Page 6 {¶ 19} George's Second Assignment of Error is as follows:
 {¶ 20} "IT WAS ERROR FOR THE COURT TO GRANT SAFE AUTO'S MOTION FOR RECONSIDERATION."
 {¶ 21} Under this assignment of error, George contends that the trial court erred in granting Safe Auto's motion for reconsideration. George's position is that the trial court reconsidered its position too many times and, therefore, abused its discretion. We disagree.
 {¶ 22} A trial court "retains jurisdiction to reconsider its interlocutory orders, either sua sponte or upon motion, any time before it enters final judgment in the case." Nilavar v. Osborn (2000),137 Ohio App.3d 469, 499, 738 N.E.2d 1271. Because the trial court has this plenary power of reconsideration, a "reviewing court, therefore, should not reverse a trial court's judgment absent an abuse of discretion."Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525, 535,706 N.E.2d 825. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. Accord Vanest, 124 Ohio App.3d at 535.
 {¶ 23} Although the trial court changed its mind on a number of issues, the court's attitude was not arbitrary or unreasonable. To the contrary, the trial court was acting to protect the interests of all litigants, including George.
 {¶ 24} In December 2005, the trial court granted Jeff's motion to be dismissed as a party defendant. The reason for the dismissal was that the complaint did not contain any allegations directed toward Jeff. In January 2006, George filed a second amended complaint, again including Jeff as a party, even though Jeff had previously been dismissed. The second amended complaint stated in a third cause of action that Safe Auto should be added to the *Page 7 
action because Jeff was insured under a policy with Safe Auto that contained UM/UIM provisions. Although Safe Auto was not even listed in the caption of the complaint, George served Safe Auto by certified mail with a copy of the second amended complaint.
 {¶ 25} Safe Auto then filed a motion to dismiss, but the motion was denied by the trial court in April 2006. The court noted that although the complaint was poorly drafted, the allegations could result in relief being granted against State Auto. This indicates an attempt by the trial court to safeguard George's interests, despite pleading deficiencies. After filing an answer raising the statute of limitations or contractual limitations period as a defense, State Auto filed a motion for summary judgment based on the limitations defense. In an entry filed in August 2006, the trial court stated sua sponte that it intended to reconsider Jeffs dismissal. The court asked the parties to respond to this suggestion by August 28, 2006, and deferred any summary judgment decision until after the responses were received. Again, this was an attempt to safeguard George's interests.
 {¶ 26} The trial court then filed an entry in September 2006, finding that Jeff was the real party in interest for purposes of UM/UIM coverage and that the claim for coverage was derivative in nature. The court, therefore, concluded that Jeff should remain a party for purposes of allowing George to make a claim against Safe Auto. The court also denied summary judgment to Safe Auto, based on the fact that Jeff, its insured, had been properly served with the complaint within the limitations period. As will be evident from the discussion below, the trial court's decision on these points was incorrect. Nonetheless, the court was attempting to safeguard George's interests.
 {¶ 27} Both Safe Auto and Jeff moved for reconsideration of the trial court's decision, contending that it was incorrect. On November 27, 2006, the trial court granted the requests *Page 8 
for reconsideration. The court noted in its entry that its intent had been to resolve the case on the merits, rather than dispose of the claims on procedural grounds. But the court concluded that this was not possible. The court, therefore, granted the motions for reconsideration and dismissed the claims against all parties.
 {¶ 28} The record in the present case does not indicate that the trial court had an arbitrary or unreasonable attitude. To the contrary, the court clearly wanted to resolve the case on the merits, but was prevented from doing so by George's failure to comply with procedural requirements for filing the claim.
 {¶ 29} George's Second Assignment of Error is overruled.
 IV {¶ 30} George's Third Assignment of Error is as follows:
 {¶ 31} "THE TRIAL COURT ERRED IN DISMISSING GEORGE STUCK'S COMPLAINT AFTER ALLOWING HIS AMENDMENTS TO THE COMPLAINT."
 {¶ 32} Under this assignment of error, George contends that his cause of action against Safe Auto should be preserved because the second amended complaint relates back to the original complaints, which were filed within the limitations period. With regard to the "relation-back" doctrine, Civ. R. 15(C) provides that:
 {¶ 33} "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the *Page 9 
party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."
 {¶ 34} In arguing that the claim against Safe Auto relates back, George relies on Williams v. Jerry L. Kaltenbach Ent., Inc. (1981),2 Ohio App.3d 113, 440 N.E.2d 1219, in which the court held that:
 {¶ 35} "The purpose of Civ. R. 15(C) is to ameliorate the effect of the statute of limitations in certain situations. Three conditions must be satisfied to prevail under the rule. Appellant must demonstrate that: (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action against him, the party to be brought in received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) within the period provided by law for commencing the action against him, the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."2 Ohio App.3d at 113-14.
 {¶ 36} The claim against Safe Auto did arise from the transaction set forth in the original and first amended complaints, which were filed less than two years after the date of the auto accident. However, the remaining requirements in Civ. R. 15(C) and Williams have not been met.
 {¶ 37} With regard to the second criterion, George relies on the "identity of interests" doctrine, which provides that: *Page 10 
 {¶ 38} "[N]otice to the original defendant serves as constructive notice to a party substituted after the limitations period has expired when the original and substituted parties are so closely related in business or other activities that it is fair to presume the added party learned of the institution of the action shortly after it was commenced." Williams v. Jerry L. Kaltenbach Ent., Inc. (1981),2 Ohio App.3d 113, 114, 440 N.E.2d 1219, citing Jimenez v. Toledo (C.A. 1, 1979), 604 F.2d 99.
 {¶ 39} George contends that Safe Auto had constructive notice of this action because its insured, Jeff, was served within the limitations period. George also argues that Safe Auto had notice of the institution of the action due to the "close relationship" between Safe Auto and Jeff.
 {¶ 40} The "identity of interests" doctrine is typically applied "where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate." Jimenez v. Toledo (C.A.1 1979), 604 F.2d 99, 103 (citations omitted). This is not the case here — there is no such relationship between Safe Auto and Jeff. While Jeff is insured under a policy issued by Safe Auto, that is not a sufficient basis for imputing notice under the "identity of interests" doctrine.
 {¶ 41} Furthermore, Safe Auto was not "substituted" for a party to the action because Jeff was dismissed from the action in December 2005, before George raised claims against Safe Auto in the second amended complaint. Consequently, there was no party to the action for whom Safe Auto could have been substituted when the second amended complaint was filed in January 2006. *Page 11 
 {¶ 42} Even if Jeff had been a party when the second amended complaint was filed, George did not indicate that Safe Auto should be substituted for Jeff — he only stated that Safe Auto should be added as a party. However, "joining additional defendants is not the same as substituting one defendant for another," and in such situations, "Civ. R. 15(C) does not apply to allow the relation back of the amended complaint to the initial complaint." Josolowitz v. Grant/Riverside Methodist Hosp.Corp. (June 29, 2000), Franklin App. No. 99AP-1462, 2000 WL 861836, *4. See, also, Kraly v. Vannewick (1993), 69 Ohio St.3d 627, 632,635 N.E.2d 323 (noting that Civ. R. 15(C) may not be used "to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading.") The claim against Safe Auto was also based on an insurance contract and differed from the tort liability claims that could have been asserted against Jeff.[2]
 {¶ 43} The Ohio Supreme Court has stressed that the "primary purpose of Civ. R. 15(C) is to preserve actions which, through mistaken identity or misnomer, have been filed against the wrong person." Littleton v.Good Samaritan Hosp. Health Center (1988), 39 Ohio St.3d 86, 101,529 N.E.2d 449. Accord, Bykova v. Szucs, Cuyahoga App. No. 87629,2006-Ohio-6424, at If 3 (holding that the purpose of Civ. R. 15(C) is "to resolve minor clerical errors.") *Page 12 
 {¶ 44} The omission of Safe Auto was not based on a minor clerical error like misnomer or mistaken identity. Accordingly, the trial court did not err in failing to apply the "relation-back" doctrine to preserve George's claims against Safe Auto.
 {¶ 45} George's Third Assignment of Error is overruled.
 IV {¶ 46} George's Fourth Assignment of Error is as follows:
 {¶ 47} "THE TRIAL COURT ERRED IN DISMISSING GEORGE STUCK'S COMPLAINT BECAUSE THE CONTRACTUAL CLAUSE LIMITING THE CONTRACTUAL PERIOD FOR UNINSURED MOTORIST CLAIMS TO TWO YEARS IS NOT CLEAR AND UNAMBIGUOUS."
 {¶ 48} Under this assignment of error, George contends that the language in the Safe Auto policy is ambiguous. George fails to make any specific argument in this regard, other than reciting the policy language and referring to the general proposition that a reduction in the time period allowed for recovery under an UM/UIM policy may be accomplished only by clear and unambiguous language.
 {¶ 49} The UM/UIM coverage provisions are contained in part IV of the Safe Auto policy. Under the "insuring agreement," Part IV provides as follows:
 {¶ 50} "PROTECTION FOR OTHERS
 {¶ 51} "Anyone occupying your covered auto with the covered auto owner's permission has the same rights and obligations that you have under this coverage.
 {¶ 52} "Anyone that is entitled to recover damages for care or loss of services, because of bodily injury sustained by you or anyone occupying your covered auto, with the *Page 13 
covered auto owner's permission has the same rights and obligations that you have under this coverage." Safe Auto Policy, p. 12.
 {¶ 53} The policy defines "you," "your," or "yourself as "the individual(s) named on the declarations page as the Named Insured and any person who is a resident of the same household, ONLY if that person is listed as an additional driver on the declarations page." Id. at p. 3.
 {¶ 54} Under the general provisions section, the policy provides as follows:
 {¶ 55} "SUIT AGAINST US
 {¶ 56} "We may not be sued unless there is full compliance with all the terms of this policy. We may not be sued under the liability coverage until your obligation to pay is finally determined either by judgment against the person after actual trial or by written agreement of the person, the claimant, and us. No one shall have any right to make us a party to a lawsuit to determine your liability. Any lawsuit seekingrecovery under Part IV, Uninsured/Underinsured Motorists Coverage, mustbe filed within two (2) years from the date of the auto accident." Id. at p. 21 (emphasis added).
 {¶ 57} These provisions are not ambiguous. They plainly indicate that an individual, like George, may assert a claim for UM/UIM coverage under the policy. However, the individual is subject to the same obligations that the named insured has, which include the obligation to file a lawsuit for recovery of UM/UIM benefits within two years from the date of the auto accident. Since George did not file an action against Safe Auto within two years, his claim is barred by the contractual limitations period.
 {¶ 58} George's Fourth Assignment of Error is overruled. *Page 14 
 V {¶ 59} George's First Assignment of Error having been sustained, and his Second, Third, and Fourth assignments of error having been overruled, that part of the judgment of the trial court dismissing the claims against Safe Auto is Affirmed; that part of the judgment of the trial court dismissing the claims against Dennis Coulter is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
BROGAN and DONOVAN, JJ., concur.
[1] Because Jeff and George have the same last name, we will refer to them by their first names throughout the rest of this opinion.
[2] In this regard, we should also point out that the complaint's failure to include any allegations against Jeff is irrelevant. Based on the fact situation outlined in the complaint, the only claim George could have potentially asserted is a tort claim based on Jeffs alleged negligence in operating his vehicle. George would not have had a claim against Jeff for UM/UIM coverage. Long v. Lindsey (June 14, 2001), Franklin App. No. 00AP-1253, 2001 WL 664550, *2 (noting that an auto passenger has a direct action against driver's UM/UIM carrier and does not have a claim against driver for UM/UIM coverage, or even a liability claim, for that matter, where the other driver in the collision is at fault). *Page 1