OPINION
{¶ 1} This matter is before the Court on the consolidated Notices of Appeal of Glenda *Page 2 
S. Hall-Davis, filed February 8, 2008. On or about January 5, 2000, Hall-Davis was injured at her workplace, Honeywell, Inc. ("Honeywell"). Hall-Davis filed a workers' compensation claim with the Industrial Commission, and it was allowed for herniated discs at C5-6, C6-7, aggravation of osteophytic formation at C5-6, and cervical stenosis at C5-6. Hall-Davis later filed a motion with the Industrial Commission to add the condition of reflex sympathetic dystrophy of both upper extremities, and the Industrial Commission granted her request. Honeywell appealed this decision to the Champaign County Court of Common Pleas, case number 2003 CV 288. Hall-Davis then timely filed a Complaint, pursuant to R.C. 4123.512, alleging a cause of action entitling her to participate in the workers' compensation fund for the condition of reflex sympathetic dystrophy of the upper extremities.
 {¶ 2} While case number 2003 CV 288 was pending, Hall-Davis filed a motion with the Industrial Commission requesting that the condition of reflex sympathetic dystrophy of the lower extremities be allowed, and the Industrial Commission granted her request. Honeywell again appealed to the Champaign County Court of Common Pleas, in case number 2005 CV 113. Hall-Davis filed a timely Complaint.
 {¶ 3} On July 5, 2005, Honeywell moved to consolidate the two matters. On July 26, 2005, the trial court issued a Journal Entry that provided, " * * * the two cases are consolidated for trial. All filings from this point forward shall be in Case Number 2005-CV-113.
 {¶ 4} "For administrative purposes Case Number 2003 CV 288 is terminated by consolidation."
 {¶ 5} On August 11, 2005, Hall-Davis voluntarily dismissed both matters pursuant to Civ. R. 41(A)(1)(a). On August 3, 2006, Hall-Davis refiled one Complaint that provided, *Page 3 
 {¶ 6} "1. * * * she voluntarily dismissed her complaint without prejudice in case No. 05 CV 113, and pursuant to R.C. Section 2305.19, hereby recommences said action.
 {¶ 7} " * * *
 {¶ 8} "4. Plaintiff states that on January 5, 2000, she sustained an injury in the course of and arising out of her employment * * * that she filed her claim with the Bureau of Workers' Compensation, that her claim has been designated as claim No. 00-435973 and has been allowed for the condition of herniated discs at C5-6, C6-7; aggravation of osteophytic formation at C5-6 and reflex sympathetic dystrophy of the upper extremities.
 {¶ 9} "5. Plaintiff states that on September 16, 2004, she filed a motion requesting that her claim be amended to include the additional condition of reflex sympathetic dystrophy of the lower extremities on a flow through basis as a result of spreading from the upper extremities.
 {¶ 10} "6. Plaintiff states that on January 29, 2005, a staff hearing officer issued an order granting her motion and amending her claim to include the additional condition of reflex sympathetic dystrophy of the lower extremities.
 {¶ 11} "* * *
 {¶ 12} "Wherefore, Plaintiff demands judgment against defendants and prays that she be permitted to continue to participate in the State Insurance Fund for the additional condition of reflex sympathetic dystrophy of the lower extremities, * * * ." The matter was assigned Case Number 2006 CV 220.
 {¶ 13} On December 29, 2006, Honeywell filed a Motion for Judgment, arguing that it "is entitled to judgment on the pleadings as Plaintiff has failed to refile her complaint within one year of her dismissal of that complaint in case no. 2003 CV 288." On January 18, 2007, Hall-Davis *Page 4 
filed a Memorandum Contra Honeywell's Motion.
 {¶ 14} On January 18, 2007, Hall-Davis filed a Motion for Leave to File Amended Complaint "to add the additional condition of `reflex sympathetic dystrophy of both upper extremities' pursuant to the provisions of Civil Rule 15."
 {¶ 15} On January 11, 2008, the trial court issued an Order granting Honeywell's Motion for Judgment and overruling Hall-Davis' Motion for Leave to File an Amended Complaint. Regarding Honeywell's motion for judgment, the court determined, "Plaintiff failed to refile her claim for reflex sympathetic dystrophy of the upper extremities (the 2003 CV 288 claim) within the one year period prescribed by the savings statute, R.C. § 2305.19." The trial court determined that consolidated cases do not merge into a single case but maintain their "original" identities. The trial court also noted that Hall-Davis "dismissed her complaints in Case Numbers 2003 CV 288 and 2005 CV 113 on August 11, 2005. Said dismissals were accomplished by separate notices of dismissal, each individually captioned and filed in Case Numbers 2003 CV 288 and 2005 CV 113 respectively."
 {¶ 16} The court observed that Hall-Davis' complaint in Case No. 2006 CV 220 provides, "it is a recommencement of `case No. 05 CV 113.' Except for a few minor changes, the 2006 Complaint is identical to the 2005 Complaint. The 2006 Complaint does briefly mention that the condition of `reflex sympathetic dystrophy of both upper extremities' has been allowed at the administrative level. * * *
 {¶ 17} "However, the 2006 Complaint fails to state that it is a recommencement of 2003 CV 288 pursuant to R.C. 2305.19. The 2006 Complaint fails to even seek participation for reflex sympathetic dystrophy of both upper extremities, limiting the injuries for which Plaintiff *Page 5 
seeks relief to reflex sympathetic dystrophy of the lower extremities.
 {¶ 18} "As Plaintiff has failed to refile her 2003 complaint regarding reflex sympathetic dystrophy of the upper extremities within the one year prescribed by R.C. § 2305.19, Defendant Honeywell is entitled to judgment in its favor in Case No. 2003 CV 288. * * * Plaintiffs proposed amended complaint, * * * is insufficient to recommence the 2003 claim for reflex sympathetic dystrophy of the upper extremities."
 {¶ 19} In overruling Hall-Davis' motion to amend her complaint, the trial court determined, "Plaintiff may not amend her complaint to reinstate Case Number 2003 CV 288 when that case was not timely filed within the one year period provided by R.C. § 2305.19. Plaintiff has failed to demonstrate that the 2003 claim and the refiled 2005 claim arose out of the same transaction, occurrence, or conduct. * * * Case Numbers 2003 CV 288 and 2005 CV 113 retained their individual identities, involve separate appeals from separate Industrial Commission determinations, and involve separate claims for distinct injuries or conditions." The court concluded, "Case Number 2003 CV 288 is terminated," noting, "Case Number 2003 (sic) CV 220 still remains pending for trial on the issue of Plaintiff s participation in the State Insurance Fund for the condition of reflex sympathetic dystrophy of the lower extremities (the 2005 claim that was successfully refiled in 2003 (sic) CV 220)."
 {¶ 20} Hall filed a Notice of Appeal from Case Number 2003 CV 288 and a Notice of Appeal from Case Number 2006 CV 220 on February 8, 2008, and she has filed separate briefs. Honeywell filed a "Combined Appellate Brief."
 {¶ 21} We will first address Hall-Davis' sole assignment of error in Case No. 2008-CA-002. *Page 6 
 {¶ 22} It is as follows:
 {¶ 23} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT, HONEYWELL'S MOTION FOR JUDGMENT."
 {¶ 24} Civ. R. 12(C) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "`A motion for judgment on the pleadings pursuant to Civ. R. 12(C) presents only questions of law,' and the standard of review is de novo." (Internal citation omitted). Inskeep v.Burton, Champaign App. No. 2007 CA 11, 2008-Ohio-1982.
 {¶ 25} R.C. 2305.19, the saving statute, provides, "in any action that is commenced or attempted to be commenced, if in due time * * * the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiffs failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."
 {¶ 26} The Supreme Court of Ohio has determined, "in an employer-initiated workers' compensation appeal, after the employee-claimant files the petition as required by R.C. 4123.512 and voluntarily dismisses it as allowed by Civ. R. 41(A), if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment on its appeal." Fowee v. Wesley Hall, Inc., 108 Ohio St.3d 533,844 N.E.2d 1193, 2006-Ohio-1712, ¶ 19.
 {¶ 27} As the trial court correctly noted, we have previously held, "causes, though consolidated, maintain their separate character, and do not make a single multiple party, multiple claim action." Hausman v.City of Dayton (Dec. 22, 1993), Montgomery App. *Page 7 
No. 13647, affirmed in part, reversed in part on other grounds (1995),73 Ohio St.3d 671, 653 N.E.2d 1190. In Hausman, the trial court entered judgment on three administrative appeals and two declaratory judgment actions that were consolidated, but not on pending cross-and counterclaims. Various appeals followed that were consolidated for review. Defendant City of Dayton argued "that with the cross-claims and counterclaims pending, the judgments in the administrative appeals and the declaratory judgment actions [were] not final and appealable."
 {¶ 28} We began by noting that "the finality of each of these actions is not affected by the fact that they were consolidated for trial; the individual character of each action was not extinguished." We followed the rationale set forth in Transcon Builders, Inc. v Lorain (1976), 49 Ohio App.2d 145, 359 N.E.2d 715, "in which the Court of Appeals for Lorain County was presented with a procedural scenario very much like the one we have before us. Transcon appealed from an adverse decision of a municipal administrative board to the court of common pleas, and at the same time brought a complaint seeking declaratory and injunctive relief. These actions were consolidated for trial.
 {¶ 29} "On motion of the City of Lorain, the consolidated actions were all dismissed because the trial court found that Transcon had not properly brought the action for declaratory judgment. Transcon protested that its administrative appeal was still pending and that even if the declaratory action had not been properly brought, only that action should have been dismissed, and not the entire consolidated matter.
 {¶ 30} "The court of appeals agreed, adopting the reasoning expressed in Johnson v. Manhattan Ry. Co. (1933), 289 U.S. 479, 496, that `consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or *Page 8 
change the rights of the parties, or make those who are parties in one suit parties in another.' Transcon Builders, Inc. supra, at 150. See also Townsend v. Downing (1989), 58 Ohio App.3d 59, fn. 1; and Kraft,Inc. v. Local Union 327.Teamsters, etc. (C.A.6, 1982), 683 F.2d 131,133, in which the court concluded that the consolidation of the two causes involved in that case `did not merge the suits into a single cause.'
 {¶ 31} "In following the reasoning of these cases, we differed] from the Court of Appeals for Cuyahoga County, which has treated actions, once consolidated, as forming a single, multiple party, multiple claim suit. That court held that no appeal from any consolidated actions could be had until each claim as to every party in every action had been disposed of, absent a finding of `no just reason for delay' pursuant to Civ. R. 54(B). Bender v. Diemart (Mar. 21, 1991), Cuyahoga App. Nos. 58304 and 58368, unreported." We went on to "consider the finality of each of the three administrative appeals and each of the actions for declaratory judgment separately."
 {¶ 32} Hall-Davis refiled her complaint in case number 2005 CV 113, praying only that she "be permitted to continue to participate in the State Insurance Fund for the additional condition of reflex sympathetic dystrophy of the lower extremities." Hall-Davis failed to refile her complaint in Case No. 2003 CV 288 within the period provided by the saving statute. That the "individual character of each action is not extinguished by consolidation," further defeats Hall-Davis' proposed amended complaint, discussed below, even if it were timely filed, because by its terms it attempts to recommence case number 2005 CV 113. Honeywell, as the trial court correctly concluded, was entitled to judgment on the pleadings on Hall-Davis' cause of action for reflex sympathetic dystrophy of the upper extremities. Hall-Davis' assignment of error is *Page 9 
overruled.
 {¶ 33} In Case No. 2008-CA-001, Hall asserts one assignment of error as follows:
 {¶ 34} "THE TRIAL COURT ERRED IN DECLINING TO GRANT PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT."
 {¶ 35} "The language of Civ. R. 15(A) favors a liberal policy when the trial judge is confronted with a motion to amend a pleading beyond the time limit when such amendments are automatically allowed. ` * * * Leave of court shall be freely given when justice so requires * * *,' the rule states. This court's role is to determine whether the trial judge's decision was an abuse of discretion, not whether it was the same decision we might have made. (Internal citation omitted). Not only is our role limited to review, but the review itself has narrow limits:
 {¶ 36} "* * * We have repeatedly held that `[t]he term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Internal citation omitted.) Wilmington SteelProducts, Inc. v. Cleveland Electric Illuminating Co. (1991),60 Ohio St.3d 120, 121-22, 573 N.E.2d 622.
 {¶ 37} We initially note, the trial court determined Hall-Davis "failed to demonstrate that the 2003 claim and the refiled 2005 claim arose out of the same transaction, occurrence, or conduct." Civ. R. 15 (C) provides, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Honeywell relies upon Civ. R. 15(C) to argue Hall-Davis "needed to establish that her claim for workers' compensation benefits in Case Number 06-CV-220 was the same as her claim for workers' compensation benefits in Case Number 03-CV-1288. Otherwise, the amended *Page 10 
complaint would not relate back to the filing date of the original complaint and any newly alleged condition in the amended complaint would be time barred."
 {¶ 38} "The Ohio Supreme Court has stressed that the `primary purpose of Civ. R. 15(C) is to preserve actions which, through mistaken identity or misnomer, have been filed against the wrong person.' Littleton v.Good Samaritan Hosp. Health Center (1988), 39 Ohio St.3d 86, 101,529 N.E.2d 449. Accord, Bykova v. Szucs, Cuyahoga App. No. 87629,2006-Ohio-6424, at ¶ 3 (holding that the purpose of Civ. R. 15(C) is `to resolve minor clerical errors.')." Stuck v. Coulter, Darke App. No. 1707, 2008-Ohio-485. We need not apply Civ. R. 15(C) to resolve Hall-Davis' appeal of the denial of her motion to amend her complaint.
 {¶ 39} R.C. 2305.19 provides a one year time period within which Hall-Davis was required to refile both her 2003 and 2005 causes of action after she voluntarily and individually dismissed them[1] on August 11, 2005. Hall-Davis' proposed amended complaint was filed January 18, 2007, well past the time period provided in R.C. 2305.19. As we discussed above, "causes, though consolidated, maintain their separate character, and do not make a single multiple party, multiple claim action." Hausman, following Transcon Builders. WhileHausman and Transcon addressed the impact of consolidation on the right to appeal, and not the right to amend a complaint, that the "individual character of each action is not extinguished by consolidation," belies Hall-Davis' ability to reinstate Case No. 2003 CV 288 by amending her complaint in another matter which involves a separate appeal from a distinct Industrial Commission decision for a separate injury. Justice does not require otherwise. *Page 11 
 {¶ 40} We finally note that Hall-Davis cites Bedinghaus v.Administrator (March 16, 2001), Hamilton App. Nos. 000468, A-9903354, for the proposition, "in a similar situation, consolidated appeals were re-filed under one appeal and proceeded accordingly." InBedinghaus, an employee voluntarily dismissed two workers' compensation appeals, and "[e]ventually, the consolidated appeals were refiled under the number A-9704215." Bedinghaus is not authority for Hall-Davis to reinstate a cause of action that is time-barred.
 {¶ 41} There being no abuse of discretion, Hall-Davis' assignment of error is overruled. Judgment affirmed.
BROGAN, J. and FAIN, J., concur.
Arthur C. Graves, Andrew S. Adams, Christopher R. Walsh, William Creedon, Hon. Roger B. Wilson.
[1] We note, "a dismissal of one of the consolidated actions [would] not dismiss the other unless the motion to dismiss applie[d] to both actions." 2 Klein, Darling, Baldwin's Ohio Practice, Civil Practice (2d Ed.) 257, Section 42:2. *Page 1