[Cite as *Arthur v. Kettering Adventist Healthcare, Inc.*, 2013-Ohio-1578.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STEVEN D. ARTHUR, Administrator | : | |
| | : | Appellate Case No. 25205 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2010-CV-9178 |
| v. | : | |
| | : | |
| KETTERING ADVENTIST | : | (Civil Appeal from |
| HEALTHCARE, INC. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of April, 2013.

. . . . . . . . . . .

RICHARD HEMPFLING, Atty. Reg. #0029986, Flanagan, Lieberman, Hoffman & Swaim, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402-2025
        Attorney for Plaintiff-Appellant

CHARLES F. SHANE, Atty. Reg. #0062494, and HOWARD P. KRISHER, Atty. Reg. #0009088, Bieser, Greer & Landis LLP, 400 PNC Center, 6 North Main Street, Dayton, Ohio 45402-1908
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Steven D. Arthur, administrator of the estate of Iva Chandler, appeals from

the trial court's denial of his motion for leave to file an amended complaint and its entry of summary judgment in favor of appellee, Kettering Adventist Healthcare, Inc. (KAH).

{¶ 2} In his sole assignment of error, Arthur contends the trial court erred in refusing to permit amendment of the complaint to correct an alleged misnomer.

{¶ 3} The record reflects that Arthur filed a November 2010 medical-malpractice complaint against KAH in his capacity as administrator of the estate of Iva Chandler. The complaint, which included wrongful-death and survivorship claims, alleged that Chandler died as a result of negligent care provided by nurses employed by KAH at Sycamore Medical Center. Following discovery, KAH moved for summary judgment on March 6, 2012, arguing that it did not employ any hospital staff or provide any medical care. KAH argued that another entity, Kettering Medical Center (KMC), was the proper defendant. In response to the motion, Arthur filed a March 20, 2012 motion for leave to amend his complaint to substitute KMC as the defendant. Arthur argued that his naming of KAH as the defendant was a misnomer. KAH opposed the motion, stressing that it had notified Arthur of the proper defendant months earlier.

{¶ 4} On April 24, 2012, the trial court sustained KAH's motion for summary judgment and overruled Arthur's motion for leave to amend his complaint. The trial court found that KAH was not the proper defendant, as a matter of law, because (1) it did not own, operate, or manage Sycamore Medical Center and (2) it did not have any type of employment relationship with any employees of Sycamore Medical Center. With regard to Arthur's motion for leave to amend his complaint, the trial court reasoned that the motion was untimely because KAH had alerted Arthur months earlier that it was not the proper defendant. The trial

court also found that granting Arthur leave to amend would be prejudicial to KAH.

**{¶ 5}** On appeal, Arthur challenges only the trial court's denial of his motion for leave to amend the complaint to substitute KMC in place of KAH.

**{¶ 6}** The Ohio Rules of Civil Procedure provide that "[l]eave of court [to amend a pleading] shall be freely given when justice so requires." Civ.R. 15(A). "While [Civ.R. 15(A)] allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999). "The grant or denial of leave to amend a pleading is discretionary and will not be reversed absent an abuse of discretion." *Englewood v. Turner*, 178 Ohio App.3d 179, 2008-Ohio-4637, 897 N.E.2d 213, ¶ 49 (2d Dist.). An abuse of discretion typically involves a decision that is unreasonable. *Bergman v. Bergman*, 2d Dist. Montgomery No. 25378, 2013-Ohio-715, ¶ 9. The mere fact that we may have reached a different result is not enough to find an abuse of discretion. *Hall-Davis v. Honeywell, Inc.*, 2d Dist. Champaign Nos. 2008 CA1, 2008 CA 2, 2009-Ohio-531, ¶ 35.

**{¶ 7}** Although the issue is close, we believe the trial court abused its discretion in denying Arthur's motion for leave to amend his complaint. The trial court cited two grounds for denying the motion: prejudice and untimeliness. With regard to prejudice, the trial court found it prejudicial to KAH to allow Arthur to amend his complaint approximately six weeks before trial and after the filing of KAH's summary-judgment motion. We are unpersuaded by this aspect of the trial court's ruling. The trial court's rationale would have merit if Arthur

were attempting to add new claims against KAH shortly before trial and in response to a summary-judgment motion. But that is not what Arthur was attempting to do. He sought to drop KAH from the lawsuit and to name KMC as a defendant. We fail to see how KAH would have been prejudiced by allowing Arthur to substitute KMC in its place. Regardless of the disposition of Arthur's motion, KAH's participation in the lawsuit was over. The fact that the lawsuit may have continued against a different entity, KMC, would not have prejudiced KAH.[1]

{¶ 8} We also believe the trial court abused its discretion in denying leave to amend on the basis of untimeliness. We recognize that Arthur waited until approximately six weeks before trial to file his motion despite the fact that KAH five months earlier had advised him (1) that it was not the proper defendant and (2) that KMC was the proper defendant.[2]

---

[1] The trial court suggested that allowing the amendment would result in prejudice because the amendment "would necessitate new discovery geared toward the new party, which would cause an expenditure of time and money that would have been unnecessary had the amendment been proposed earlier." (Doc. #37 at 3). But KAH would not have had to participate in any new discovery. Admittedly, the proposed defendant, KMC, might have had to participate in new discovery. But the inherent "prejudice" of having to defend against a lawsuit cannot be enough, alone, to justify denying leave to amend. We fail to see how KMC would have been any more prejudiced by being required to engage in discovery as a substituted defendant than it would have been if it had been named as the defendant from the outset.

[2] As noted above, Arthur filed his complaint against KAH in November 2010. In its answer, KAH stated that neither it nor its employees "provide direct medical care and treatment to patients including the Plaintiff's decedent." (Doc. #11 at ¶4). More significantly, KAH provided Arthur with responses to interrogatories in October 2011. In response to a question about the employer of each person involved in the decedent's care, KAH stated: "* * * It is believed that all ICU nurses involved in the decedent's care were employees of Kettering Medical Center." (Doc. #27, Exh. C, p. 4). In response to a question about the employment relationship between KAH and the decedent's care-givers, KAH stated: "None of the individuals involved in the care and treatment of the Plaintiff's decedent were employed by Kettering Adventist Healthcare, Inc." (*Id.*). Finally, in response to another question about the nursing care the decedent received, KAH responded: "* * * [N]o employee of Kettering Adventist Healthcare, Inc. was involved in the care and treatment of the Plaintiff's decedent and therefore no notification or alleged notification could have been made by one if its employees. As to Kettering Medical Center employees in the PACU or ICU, see communications documented in the previously produced medical record[.]" (*Id.* at p. 6).

Although the trial court cited Arthur's untimeliness as a justification for denying leave to amend, it appears to have linked that untimeliness to its finding of prejudice. At the outset of its analysis, the trial court recognized that "one of the more important factors in determining whether or not to grant a motion to amend [a] complaint is prejudice to the opposing party." (Doc. #37 at 3). After noting that Arthur had sought leave to amend approximately six weeks before trial, the trial court stated: "The untimely filing of *Plaintiff's Motion for Leave to File Amended Complaint* is a legitimate reason for denying Plaintiff leave and it would be prejudicial to Defendant to hold otherwise." (*Id*. at 4). The trial court then noted that Arthur had sought leave to amend after KAH moved for summary judgment. It reasoned: "The filing of *Plaintiff's Motion for Leave to File Amended Complaint* after Defendant filed its *Motion for Summary Judgment* is a legitimate reason for denying Plaintiff leave and again, it would be prejudicial to Defendant to hold otherwise." (*Id*. at 5).

{¶ 9}     In short, the trial court's finding that Arthur's motion was untimely appears to have been driven, in large part, by its belief that the untimeliness would result in prejudice to KAH. As set forth above, however, we fail to see how KAH could have been prejudiced by the trial court allowing Arthur to substitute KMC in its place.[3] Regardless of Arthur's untimeliness, KAH's participation in the lawsuit was over one way (by virtue of the trial court's summary judgment ruling) or the other (by virtue of Arthur substituting KMC for

---

[3]On appeal, KAH argues that it suffered prejudice by being forced to incur expenses related to discovery and summary judgment. We do not disagree. But those expenses existed regardless of whether the trial court allowed Arthur to file an amended complaint. Our point here is that granting Arthur's eleventh-hour motion for leave to amend his complaint to substitute a different defendant could not itself have caused KAH any prejudice. KAH also argues that KMC would be prejudiced by being forced to seek a new trial date and to engage in its own discovery. Once again, however, we fail to see how KMC would have been any more prejudiced by being required to engage in discovery as a

KAH). Absent any prejudice to KAH resulting from the amendment, we believe the trial court abused its discretion in denying leave to amend the complaint to name KMC as the defendant.

{¶ 10} In opposition to the foregoing conclusion, KAH maintains that granting Arthur leave to amend would be futile because the proposed amendment would not relate back to the original complaint and would be barred by the statute of limitation. This argument implicates Civ.R. 15(C), which provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

{¶ 11} KAH contends Arthur cannot establish that the intended defendant, KMC, either knew or should have known that, but for a mistake in identity, the action would have been brought against KMC. Therefore, KAH argues that the amended complaint would not relate back to the date of the original complaint and would be time barred. In its ruling below,

substituted defendant than it would have been if it had been named as a defendant from the outset.

the trial court did not address relation back under Civ.R. 15(C).

{¶ 12}   Upon review, we decline to uphold the trial court's ruling on the basis of Civ.R. 15(C) for at least two reasons. First, if KMC believes Arthur's amended complaint does not relate back to the original pleading, it is free to raise a statute-of-limitation argument on its own behalf. Second, it is not clear on this record that KMC neither knew nor should have known that, but for a mistake in the identity of the employer, Arthur would have brought his action against it.   Although KAH and KMC are separate and distinct corporate entities with separate boards of directors, the record indicates that they have the same chief executive officer and share the same principal place of business. (*See* Doc. #29 and accompanying exhibits). The record also reflects that KAH is the sole voting member of KMC. (*Id.*). In light of these facts, the trial court might conclude that KMC knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against KMC. We express no opinion on the issue and will leave it for the trial court to resolve on remand if necessary.

{¶ 13}   Based on the reasoning set forth above, we sustain Arthur's assignment of error. The trial court's judgment is reversed insofar as it denied his motion for leave to amend the complaint. The cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.


Copies mailed to:

Richard Hempfling
Charles F. Shane

Howard P. Krisher
Hon. Frances E. McGee